VENCENZA J. CONLIN

V.

TURNER'S EXPRESS, INC., ET AL.

Record No. 820716

Decided June 14, 1985, at Richmond

Present: All the Justices

*Harry J. Hicks* for appellant.
*Richard A. Saunders (Donnell P. Davis; Furniss, Davis and Rashkind*, on brief), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

Vencenza J. Conlin, an employee of Ford Motor Company (Ford), sued Turner's Express, Inc., and others* (collectively, Turner's Express) to recover damages for personal injuries which she alleged were caused by Turner's Express' negligence. Turner's Express defended on the ground that Conlin's exclusive remedy was against her employer, Ford, under the Virginia Workers' Compensation Act, Code § 65.1-1, *et seq.* The trial court agreed and entered judgment for Turner's Express. Thus, the sole question presented in this appeal is whether Turner's Express was engaged in the trade, business, or occupation of Ford at the time Conlin was injured or whether it was an "other party" within the meaning of Code § 65.1-41.

The facts were stipulated. Conlin was employed by Ford at its Norfolk plant. She was injured while operating a forklift used to load Ford machinery and parts onto Turner's Express' trailer. While the forklift was on the trailer's floor, the floor collapsed, which caused the forklift and Conlin to fall. Conlin received workers' compensation from Ford.

Ford contracted with Turner's Express to haul Ford's machinery and parts between its plants. This particular cargo was to be transported to Ford's plant at Mawhwah, New Jersey. Under their agreement, Ford was obligated to load the cargo and to unload it at its destination. Turner's Express is a public motor carrier which operates under an Interstate Commerce Commission permit. Ford occasionally engaged other motor carriers for this service.

When an employee and his employer accept the provisions of the Workers' Compensation Act, the rights and remedies

---

* The other defendants were Kim Leasing Company, Inc. (Kim) and Paul Drummond. Drummond operated the tractor-trailer involved in the accident. Turner's Express owned the tractor; Kim owned the trailer which it leased to Turner's Express.

granted thereby "shall exclude all other rights and remedies" of the employee to recover for an injury received during the course of his employment. Code § 65.1-40. If, however, the employee's injury is caused by the negligent act of a party who is a stranger to the trade, occupation, or business of his employer, the employee may maintain an action at law against the "other party." *Whalen v. Dean Steel Erection Co.*, 229 Va. 164, 167, 327 S.E.2d 102, 105 (1985); *Stewart v. Bass Constr. Co.*, 223 Va. 363, 365, 288 S.E.2d 489, 490 (1982). Whether a third party is engaged in the trade, occupation, or business of the employer "depends upon the facts and circumstances in each case, and for that reason the question does not readily yield to categorical or absolute standards." *Bassett Furniture v. McReynolds*, 216 Va. 897, 902, 224 S.E.2d 323, 326 (1976).

The present case is factually similar to *Floyd, Administratrix v. Mitchell*, 203 Va. 269, 123 S.E.2d 369 (1962). Floyd was killed in an industrial accident, and his employer, Glamorgan Pipe and Foundry Company, paid workers' compensation to his personal representative. Glamorgan manufactured pipe and sold and shipped it to its customers. R. S. Powell, Inc., was a contract motor carrier engaged by Glamorgan to transport pipe from Glamorgan's plant to its customers. Floyd's job consisted of loading pipe on Powell's trailers. As Powell's driver was backing a trailer to position it for loading, the trailer struck and killed Floyd. Floyd's representative sued Powell and its driver.

We affirmed the trial court's dismissal of the action and ruled that the representative's exclusive remedy was under the Workers' Compensation Act. 203 Va. at 273-74, 123 S.E.2d at 372. We held that if an independent contractor is performing work that is part of the trade, business, or occupation of the employer, the contractor is not an "other party" against whom an action will lie. *Id.* at 274, 123 S.E.2d at 372. We reasoned that "Glamorgan's trade, business or occupation was manufacturing pipe and selling and shipping it to its customers. Transporting the pipe to the customers was a necessary element of this business." *Id.* at 273, 123 S.E.2d at 372.

Similarly, in the present case, transporting machinery and parts from one plant to another was an essential element of Ford's business. Therefore, because Turner's Express was engaged in Ford's trade, business, or occupation, Turner's Express was not an "other party" whom Conlin could sue.

■ There is but one factual distinction between *Floyd* and the present case. In *Floyd*, Powell's employee assisted the manufacturer in loading the pipe. In the present case, however, Turner's Express' driver did not assist in the loading operation. We do not believe this distinction is relevant to a determination whether Turner's Express was engaged in Ford's trade, business, or occupation. Thus, the distinction makes no difference.

■ Conlin relies primarily upon *Hipp* v. *Sadler Materials Corp.*, 211 Va. 710, 180 S.E.2d 501 (1971), and *Burroughs* v. *Walmont*, 210 Va. 98, 168 S.E.2d 107 (1969), to support her position that Turner's Express was an "other party" under the statute. Her reliance is misplaced. In *Hipp*, a materialman was delivering his products to a building contractor when the builder's employee was injured. The employee sued the materialman. 211 Va. at 710, 180 S.E.2d at 501. In *Burroughs*, there was a similar delivery, and the materialman's injured employee sued the building contractor. 210 Va. at 99, 168 S.E.2d at 108. We held in both cases that one who merely delivers his materials is not engaged in the trade, business, or occupation of a builder and, therefore, is an "other party" subject to suit. 210 Va. at 100, 168 S.E.2d at 108-09; 211 Va. at 711, 180 S.E.2d at 502.

In the present case, however, Turner's Express was not merely delivering merchandise to a job site but was transporting cargo between Ford's assembly plants, an essential part of Ford's business. Therefore, Turner's Express was not an "other party."

Thus, we hold that Conlin's claim against Turner's Express is barred by Code § 65.1-40. Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*