## CIRCUIT COURT OF CHESTERFIELD COUNTY

Helen Ierardi

v.

MTX International et al.

May 18, 1999

Case No. CL98-1035

BY JUDGE WILLIAM R. SHELTON

On February 5, 1999, the parties appeared by counsel on the defendants' Motion to Dismiss Pursuant to Special Plea of Workers' Compensation. The Court took the matter under advisement. Upon consideration of arguments of counsel and the applicable statutory and case law, the Court will rule as follows.

This action arises from a slip and fall accident that occurred at the Hecht's department store at Cloverleaf Mall. Prior to the accident, MTX International entered an agreement with Hecht's to provide the department store with janitorial and related housekeeping services. Before contracting with MTX to provide cleaning services, Hecht's cleaned its own store. MTX hired Robert Rawlings, a janitor who had been employed at Hecht's, pursuant to an agreement that MTX would hire the department store's existing janitorial staff. The contract for janitorial services provided in relevant part:

5.2. [Hecht's] shall not be liable to [MTX], its employees, agents, contractors, licensees, invitees or any other person or persons whomsoever, and [MTX] shall at all times indemnify, defend, and hold [Hecht's] harmless from and against any and all claims (whether meritorious or not), losses, costs, liabilities, damages or expenses (including reasonable attorneys' fees) arising out of or in any way related to ... .

(c) any death of or injury to persons or any loss of or damage to property caused by any casualty or accident whatsoever arising out of the operations or business of [MTX] whatsoever occurring, including, but not limited to any disposal or storage of equipment, wastes, chemicals, or supplies collected or used by [MTX] in its business operations or arising out of any services rendered in or from the Stores whether or not the result of the negligence of [Hecht's], its employees, agents, contractors, licensees, or invitees or of any other person or persons whomsoever … .

The contract further provided:

8.5. It is the express intent of [MTX] and [Hecht's] that [MTX] shall perform under this Agreement as an independent contractor, and nothing in this Agreement shall be construed as creating any relation of principal and agent, partnership or joint venture, or landlord and tenant between the parties, nor shall [MTX] be deemed to have any other relationship to [Hecht's] other than independent contractor.

The facts are undisputed that on September 3, 1996, the plaintiff, while in the course of her duties as a sales employee at Hecht's, slipped and fell on a floor which Rawlings had been buffing. Although the plaintiff received workers' compensation benefits as a result of her injuries, she later filed this negligence action against MTX International and Robert Rawlings. At issue is whether the plaintiff may maintain this action in light of the provisions of the Workers' Compensation Act.

Section 65.2-307 of the Code of Virginia provides that the rights and remedies granted under the Workers' Compensation Act "shall exclude all other rights and remedies" of an employee to recover for an injury received during the course of his employment. Nevertheless, an employee can maintain an action at law against the person causing his injury, provided such person is an "other party" as defined by the Act. The plaintiff argues that MTX is an "other party" under the Workers' Compensation Act because the contract for janitorial services identifies MTX as an independent contractor who is personally liable for negligence of its employees. Thus, the plaintiff asserts that a separate action may be brought against MTX and Rawlings.

It is well settled that in order to be found an "other party" pursuant to the Workers' Compensation Act, the defendant must be a stranger to the trade, occupation, or business in which the plaintiff was involved. Generally, where a subcontractor is engaged in an essential part of the work of the general

contractor, the subcontractor is not considered an "other party" or "stranger to the work." See *Whalen v. Dean Steel Erection Co.*, 229 Va. 164, 327 S.E.2d 102 (1985), citing *Stout v. Onorati*, 221 Va. 143, 267 S.E.2d 154 (1980); *Bosher v. Jamerson*, 207 Va. 539, 151 S.E.2d 375 (1966); *Rea, Adm'x v. Ford*, 198 Va. 712, 716-17, 96 S.E.2d 92, 95-96 (1957); *Sykes v. Stone & Webster Eng'g Corp.*, 186 Va. 116, 41 S.E.2d 469 (1947); *Feitig v. Chalkley*, 185 Va. 96, 38 S.E.2d 73 (1946).

Although an independent contractor is not an injured employee's common law employer, the independent contractor may fall under the canopy of the Act and be entitled to an immediate employers' statutory immunity from common law actions. See *Evans v. Hook*, 239 Va. 127, 131, 387 S.E.2d 777, 779 (1990), citing *Conlin v. Turner's Express, Inc.*, 229 Va. 557, 559, 331 S.E.2d 453, 455 (1985); *Floyd, Adm'x v. Mitchell*, 203 Va. 269, 274, 123 S.E.2d 369, 372 (1962); *Rea, Adm'x v. Ford*, 198 Va. 712, 716-17, 96 S.E.2d 92, 95-96 (1957). "Moreover, even though such an independent contractor may not have been liable for payment of workers' compensation benefits to the injured employee, [the independent contractor] is still entitled to such immunity." *Id.*

It is the opinion of this Court that in the case at bar, the essential question is whether the work being performed by MTX was part of the trade, business, or occupation of Hecht's department store. This Court finds that the *Shell Oil* test is not applicable in the case at bar. In *Shell Oil*, the Virginia Supreme Court set forth the "normal work" test to determine whether claimant was engaged in the trade, business, or occupation holding that "[t]he test is not one of whether the subcontractor's activity is useful, necessary, or even absolutely indispensable to the statutory employer's business ... . The test ... is whether this indispensable activity is, in the business, normally carried on through employees rather than independent contractors." *Shell Oil Co. v. Leftwich*, 212 Va. 715, 722, 187 S.E.2d 162, 167 (1972). Nevertheless, the Virginia Supreme Court has ruled that the *Shell Oil* test is inapplicable where a general contractor's employee seeks to sue a subcontractor. See *Whalen v. Dean Steel Erection Co.*, 229 Va. 164, 327 S.E.2d 102 (1985). As this is the situation in the present matter, this Court does not consider the *Shell Oil* test in its ruling.

Whether the defendant is a stranger to the work is a factual question. See *Whalen v. Dean Steel Erection Co.*, 229 Va. 164, 327 S.E.2d 102 (1985). Case law from other circuit courts is instructive on the issue of whether housekeeping services may be considered an essential part of a retail business. In *Young v. ARA Services*, 25 Va. Cir. 413 (City of Richmond 1991), Judge Markow of the Richmond Circuit Court determined:

> numerous Virginia cases have discussed maintenance as an integral part of what businesses must do to provide a decent and safe environment for workers and customers and to prevent breakdown and deterioration of equipment and buildings. That the work has been subcontracted does not change its character as part of the trade, business, or occupation of the owner.

*Id.* at 414.

Similarly, in *Roberts v. Hudgins*, 25 Va. Cir. 48 (City of Richmond 1990), a case involving a department store employee who slipped on a floor being cleaned by a subcontractor, Judge Markow found a subcontractor who performed cleaning and housekeeping services was not a stranger to the business of a retail department store.

In the present matter, the Court finds ample evidence that cleaning and waxing the floors is an essential part of the business of Hecht's department store. Therefore, it is the opinion of the Court that MTX International and Robert Rawlings were engaged in the trade, business, and occupation of Hecht's department store and thus are not "other parties" pursuant to the Workers' Compensation Act. The defendants' Special Plea of Workers' Compensation is therefore sustained.