# CIRCUIT COURT OF THE CITY OF RICHMOND

Ronald Smith

v.

B. C. Kirk et al.

June 9, 2000

Case No. LF-4583-3

BY JUDGE T. J. MARKOW

The parties appeared on defendants' B. C. Kirk, Cardinal Freight Carriers, Inc., and ABC Freight Systems, Inc., Plea of Workers' Compensation, and evidence was presented and argument was heard. The only issue before the court is whether the defendants were strangers to the business of plaintiff's employer. If not, plaintiff's action for negligence is barred by Virginia's Workers' Compensation Act. *See* Va. Code § 65.2-307 (1950).

The facts are as follows. Plaintiff Smith was hurt while working as a fork lift operator at a manufacturing plant for his employer Westvaco Corporation. Defendant Kirk works as a truck driver and, at the time, was employed by Cardinal Freight Carriers. The testimony did not clearly show whether the truck was owned by Cardinal Freight or ABC Freight. Plaintiff was on a forklift when it fell from a loading dock while plaintiff was attempting to unload a delivery from the truck driven by defendant Kirk.

On the day of the injury, the truck driver Kirk arrived at the plant with a delivery of resin which was to be used at the plant for the manufacture of paper products. Upon arrival, Kirk was directed by Westvaco employees to back into a specific loading dock. Before backing in, he first descended from the truck and opened the back doors. Then, he proceeded to back the truck into the designated loading dock.

Once completely backed in, Kirk again descended, this time to check that the truck was flush with the dock. He observed that it was not, so he got back in the driver's seat and pulled away from the dock so that he could square the rear of the truck with the dock. Unbeknownst to the driver, plaintiff had already begun to unload the truck with a forklift and fell from the dock when the truck pulled away. Plaintiff sues for the injuries he sustained in the fall. All parties agreed that plaintiff received workers' compensation from his own employer, Westvaco.

Also in evidence is testimony from Mr. Elmes, an employee at Westvaco, who has held different management positions over the years, including operations manager, plant manager, and technical manager. Mr. Elmes testified regarding the scope of Westvaco's business activities at the plant.

He explained that Westvaco manufactures paper packaging products for a variety of purposes. Such packaging is made at the site of the injury in this case as well as at other locations. Westvaco grows its own trees and uses wood products with resin such as that here to make disposable food trays. As noted in argument, the source of the resin here was not explicitly mentioned in testimony, but apparently it came from a supplier which was not Westvaco.

The plant receives deliveries daily both from other businesses and from other Westvaco facilities. Westvaco owns its own trucks to transport some materials between Westvaco facilities. Only unfinished products and materials would be transported by Westvaco trucks and only between Westvaco facilities. The corporation's trucks are not used for the transport of raw materials from suppliers or for the delivery of finished goods to customers.

Using a variety of outside trucking companies, Westvaco ships directly to customers. Incoming and outgoing deliveries are handled by Westvaco's traffic department. Mr. Elmes explained that all plants, including this plant, operate an office which approves trucking lines for customer deliveries and coordinates with a shipping supervisor at each plant.

Finally, Mr. Elmes testified that Westvaco employees had the responsibility to unload the truck at issue. Mr. Kirk, the truck driver, testified that he customarily placed "chocks," provided by the plant, under the wheels of the truck once parked at the loading dock. He added that he did not "chock the wheels" before the incident at issue and that, generally, he does not participate in the unloading of the truck.

Citing *Floyd v. Mitchell*, 203 Va. 269, 123 S.E.2d 369 (1962), defendants framed the issue as whether Westvaco is in the business of transporting raw materials. If so, defendants assert, then Mr. Kirk, a driver delivering raw materials to a Westvaco plant for the paper manufacturing process, was not a

stranger to the business. Therefore, the argument goes, any claims against defendants are barred by Virginia's Workers' Compensation Act.

Plaintiff cites *Stevens v. Ford Motor Co.*, 226 Va. 415, 309 S.E.2d 319 (1983), and contends that defendants were strangers to Westvaco's business, and thus to plaintiff, because the driver did not help unload the truck. Therefore, plaintiff argues, Virginia's Workers' Compensation Act does not preclude this separate cause of action.

Generally, recovery for injury sustained on the job is limited to a remedy under the Workers' Compensation Act. *See* Va. Code § 65.2-307 (1950); *see also Combs v. Virginia Elec. & Power Co.*, 259 Va. 503, 525 S.E.2d 278 (2000); *see also* Va. Code § 65.2-800(A) (1950) (stating the employer or "those conducting his business shall only be liable to the employee for personal injury or death by accident to the extent and in the manner herein specified"). However, an employee has a common law cause of action to recover damages for work-related injuries caused by third parties who are strangers to the trade, occupation, or business of his employer. *See Feitig v. Chalkley*, 185 Va. 96, 38 S.E.2d 73 (1946); *see also Bosher v. Jamerson*, 207 Va. 539, 151 S.E.2d 375 (1966); *Conlin v. Turner's Express, Inc.*, 229 Va. 557, 331 S.E.2d 453 (1985); *Stevens v. Ford Motor Co.*, 226 Va. 415, 309 S.E.2d 319 (1983); *Whalen v. Dean Steel Erection Co.*, 229 Va. 164, 327 S.E.2d 102 (1985); *Kelly v. Guyon General Piping, Inc.*, 882 F.2d 108 (4th Cir. 1989); Va. Code § 65.2-800(C) (1950) (clarifying that "person[s] other than an employer or statutory employer, or a person employed by either, whose acts result in such injury or death shall be deemed an 'other party' . . . .").

"Whether a third party is engaged in the trade, occupation, or business of the employer 'depends upon the facts and circumstances in each case, and for that reason the question does not readily yield to categorical or absolute standards'." *Conlin*, 229 Va. at 559 (quoting *Bassett Furniture v. McReynolds*, 216 Va. 897, 902, 224 S.E.2d 323 (1976)). In other words, "if the defendant is not performing the employer's duties, he shall be considered an "other party" and be liable for the plaintiff's injuries." *Kilmer v. Ryder Integrated Logistics, Inc.*, 82 F. Supp. 2d 568, 571 (W.D. Va. 1999) (citing *Wood v. Joyce*, 972 F.2d 345 (4th Cir. 1992) (applying Virginia law)). Although defendant may not be a common law employee of plaintiff's employer, he may be a statutory employee engaged in the employer's trade, business, or occupation, barring plaintiff's common law claim pursuant to the Workers' Compensation Act. *See Bassett Furniture*, 216 Va. 897, 224 S.E.2d 323. Consequently, plaintiff's employer becomes defendant's statutory

employer for the period in which defendant is engaged in the employer's trade, business or occupation. *See id.*

While no two cases are exactly alike, the Supreme Court of Virginia has provided some insight into which factors are important when determining whether a delivery driver who is employed by a separate company is also engaged in the same trade, occupation, or business as plaintiff's employer at the time of plaintiff's injury. For example, where a trucking company is delivering goods from one of the employer's plants to another of the employer's plants, the trucking company is more likely to be considered engaged in the employer's trade, business, or occupation. *See Conlin,* 229 Va. 557, 331 S.E.2d 453. Another consideration is the extent to which defendant driver was directed or controlled by plaintiff or his fellow employees once on the job site such that defendant could be considered a "fellow servant" of the employees of the job site. *See Floyd,* 203 Va. at 271 (*citing Feitig,* 185 Va. 96, 38 S.E.2d 73); *see also Bosher,* 207 Va. 539, 151 S.E.2d 375. Also, plaintiff's employer is more likely to be considered defendant driver's statutory employer where the contract for delivery expressly states that the driver will participate in unloading the goods delivered. *See Stevens,* 226 Va. 415, 309 S.E.2d 319 (1983); *see also Buffalo Shook Co. v. Barksdale,* 206 Va. 45, 141 S.E.2d 738 (1965).

Additionally, "frequency and regularity of performance are factors to be considered in determining whether work is normally carried on through employees. Mere capacity to perform, standing alone, is not determinative. Nor is performance which is a *de minimis* part of the total business operation." *Bassett Furniture v. McReynolds,* 216 Va. 897, 902-03, 224 S.E.2d 323 (1976) (internal citations and quotations omitted).

In terms of deliveries to construction projects, the Supreme Court has said:

> the gathering of material is of course essential to the construction of a building. So in a sense each supplier of material is engaged in the general contractor's trade, business or occupation. But a line must be drawn to determine who is an "other party" for the purposes of the Workmen's Compensation Act. And persons who function solely as suppliers and deliverers of goods have been held "other parties." *Perkinson v. Thomas,* 158 Va. 699, 164 S.E. 561 (1932); *Garrett v. Tubular Prods., Inc.,* 176 F. Supp. 101 (E.D. Va. 1959); *see Turnage v. Northern Virginia Steel Corp.,* 336 F.2d 837, 843 (4th Cir. 1964).

*Burroughs v. Walmont,* 210 Va. 98, 99-100, 168 S.E.2d 107 (1969).

Considering the guidance provided in the cases cited above in the context of the facts of this case, the court finds that the defendant driver, Kirk, was an "other party" within the meaning of the Workers' Compensation Act. Significantly, the evidence did not show that Kirk was more than a mere deliverer of goods from an outside supplier to the Westvaco site.

While Westvaco runs a trucking operation, Westvaco's operation is confined to moving semi-finished products between Westvaco facilities during the manufacturing process. Westvaco does not use Westvaco trucks to retrieve raw materials, such as the resin here, from outside suppliers, nor does Westvaco transport finished goods outside of the corporation's facilities to customers. Those trucking operations on the ends of the manufacturing process are not in the trade, business, or occupation of Westvaco. Kirk's truck was from a non-Westvaco operation, used to transport raw material from a supplier to the manufacturer, Westvaco. Thus, the evidence does not show that Kirk was engaged in Westvaco's trade, business, or occupation.

Furthermore, Kirk testified that he does not participate in the unloading process at all. He merely backs the truck into a loading dock so that Westvaco employees may unload the truck. That Kirk normally "chocks" the wheels of his truck with chocks from Westvaco is *de minimis* involvement with the manufacturer's operation. Moreover, chocking the wheels appears to protect Kirk's employer from liability, rather than Westvaco, by preventing injuries from some defect in the truck or in Kirk's parking of the truck.

Although Kirk was directed by Westvaco employees to the loading dock once on Westvaco's site and despite Kirk's knowledge that the truck was supposed to be flush with the dock to aid Westvaco employees in unloading, Westvaco did not control Kirk's duties to the extent that would render the driver a statutory employee of Westvaco, nor was Kirk involved in Westvaco's operation enough to render him a statutory employee of the manufacturer. As stated earlier, Kirk did not work with Westvaco employees to aid them in unloading. Furthermore, Kirk's contract did not include deliveries between Westvaco sites or any other performance beyond mere delivery of the goods to the Westvaco site. Kirk was solely working for a supplier or deliverer of goods and was an "other party" under the Workers' Compensation Act. *See generally, Burroughs*, 210 Va. at 99-100. Consequently, plaintiff's action is not barred by the exclusivity provision of the Act. *See* Va. Code § 65.2-307 (1950).

It is therefore ordered that the Plea of Workers' Compensation filed by B. C. Kirk, Cardinal Freight Carriers, Inc., and ABC Freight Systems is overruled.