## CIRCUIT COURT OF WARREN COUNTY

Jeffrey S. Leake

  v.

Family Dollar
Stores, Inc., et al.

May 7, 2003

Case No. (Chancery) 02-36

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court, on the Defendants' Plea in Bar based on the exclusive remedy provisions of the Virginia Workers' Compensation Act. The Plaintiff appeared with his attorneys, David L. Duff and Benjamin M. Smith, Esquires; and John O. Easton and Carol T. Stone, Esquires, appeared for the Defendants. After hearing the evidence and the argument of the parties, the Court decided to sustain the Plea in Bar, because the Plaintiff, who was employed by an independent contractor motor carrier hired by Family Dollar, was performing an integral part of Family Dollar's business of distributing and selling retail products; therefore, he was a statutory employee of Family Dollar.

*I. Statement of Material Facts*

The following facts are not in dispute.

Plaintiff filed this action for injuries which he received while working on the premises of the Family Dollar Distribution Center on February 21, 2000, alleging negligence of Family Dollar or its employees or agents. Prior to commencing this action, Plaintiff received workers' compensation benefits from his employer, Roadway Express, for the same injuries for which he now seeks recovery in this case.

Family Dollar owns and operates a chain of over 4700 retail stores. At the time of the accident, the Warren County distribution center was one of four distribution centers owned and operated by Family Dollar. Family Dollar has a complex corporate structure. One wholly owned subsidiary owns and operates its distribution centers like the Warren County Distribution Center. Another wholly owned subsidiary provides some transportation services for the distribution centers, and the Family Dollar stores in each state are all owned and operated by another wholly owned subsidiary. For example, Family Dollar Stores of Virginia, Inc., owns and operates all of the Family Dollar Stores in Virginia.

Goods for retail sale are transported from the Family Dollar distribution centers to the Family Dollar retail stores by motor carrier. In 2000, Family Dollar owned approximately 130 truck tractors and owned or leased approximately 2000 trailers.

While Family Dollar can transport its goods from its distribution centers to its retail stores by its trucks and trailers, 95 to 99% of the time, it contracts with independent contractors to perform this transport service for its stores in Virginia. The Plaintiff's employer, Roadway Express, was under contract at the time of the accident to transport goods from the Warren County Distribution Center to Family Dollar's retail stores.

On the day of the accident, the Plaintiff Leake had driven his Roadway truck with two empty "pup" trailers, two tandem 28 foot trailers, to the Warren County Distribution Center to pick up two "pup" trailers loaded with goods to be delivered to Family Dollar retail stores. He parked his truck and empty trailers in the yard adjacent to the truck parking lot at the distribution center and was walking across the yard, when he was struck by a switcher tractor owned and operated by Family Dollar, giving rise to the instant negligence action.

## II. *Conclusions of Law*

When a person is injured in the course and scope of his employment, his exclusive remedy against his employer is under the Virginia Workers'

Compensation Act. Virginia Code § 65.2-307. The Act also bars negligence actions against parties, who are not a plaintiff's direct employer, if that party is deemed to be a statutory employer of the injured person. Virginia Code § 65.2-302(A) defines a statutory employer as follows:

> When any person (referred to in this section as "owner") undertakes to perform or execute any work which is part of his trade, business, or occupation and contracts with any other person (referred to in this section as "subcontractor") for the execution or performance under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if the worker had been immediately employed by him.

In *Nichols* v. *VVKR*, 241 Va. 516, 519, 403 S.E.2d 698 (1991), the Supreme Court ruled that "Nothing in this record supports the conclusion [of the trial court] that construction or rehabilitation of a transportation/retail facility is the trade, business, or occupation of providing mass transportation services," and noted:

> The dispositive legal principle here is well established: Contractors, subcontractors, and all workers who are engaged in the trade, business, or occupation of the owner of a project are deemed to be statutory fellow employees. The remedy for any injuries suffered by one of them as a result of the alleged negligence of another, while engaged in a trade, business, or occupation of the owner, is limited to that available under the Workers' Compensation Act.

Unfortunately, there are endless permutations in the factual situations upon which the courts are asked to rule in these cases. Although the courts have developed various tests to assist in that determination, the tests provide only a "corollary guide, sometimes useful, but not indispensable, in applying the literal language of the statutes to the facts in a particular case." *Cinnamon* v. *International Business Machines*, 238 Va. 471, 478, 384 S.E.2d 618 (1989).

It appears that a significant distinction among the cases involving the application of the principle of statutory employer to employees of independent

contractor motor carriers is whether the carrier is making a delivery to the manufacturer or distributor as opposed to carrying goods from the manufacturer or distributor to its other facilities or to its customers. In nearly every case examined by the court in which a delivery was being made when the accident occurred, the courts found that the delivery of these goods was not part of the receiver's business, so the bar of exclusive remedy provisions of the Workers' Compensation Act did not apply to actions filed by deliverymen who were injured on the Defendant's premises or project. *See, e.g., Stevens v. Ford Motor Co.*, 226 Va. 415 (1988) (simple delivery of automobile parts to Ford's automobile assembly plant without actual involvement in the unloading was not part of Ford's business); *Hipp v. Sadler Materials Corp.*, 211 Va. 710 (1971) (delivery of construction materials); *Burroughs v. Walmont*, 210 Va. 98 (1969) (delivery of sheetrock to a construct job and carrying sheetrock into homes under construction was not part of the construction business of the defendant); *Perkinson v. Thomas*, 158 Va. 699 (1932) (delivery of logs to sawmill was not part of sawmill business); *Garrett v. Tubular Prods., Inc.*, 176 F. Supp. 101 (E.D. Va. 1959) (delivery of fabricated steel was not part of the construction project); *Smith v. Kirk*, 59 Va. Cir. 71 (Richmond 2000) (delivery of resin to paper plant was not part of paper plant's business).

Where goods are shipped from a manufacturer or a distributor to another of its facilities or to its customers by an independent motor carrier hired by the shipper, as was done in this case, the rule appears to be that the employees of such carriers are generally found to be statutory employees of the shipper. Where the shipper and the receiver of the goods are owned by the same entity, as in the case at bar, the Courts have always found that the shipping of the goods was part of the shipper's business, so the employees of the independent contractor carrier were statutory employees who were barred from suing the shipper or its employees for negligence. In *Conlin v. Turner's Express, Inc.*, 229 Va. 557, 331 S.E.2d 453 (1985), Ford contracted with Turner to haul Ford's machinery and parts between its plants. Conlin was a Ford employee who filed a negligence action against Turner, and his action was held to be barred by the exclusive remedy provisions because "transporting machinery and parts from one plant to another was an essential element of Ford's business." *Id.* at 559.

The *Conlin* court relied upon *Floyd v. Mitchell*, 203 Va. 269 (1962). In *Floyd*, plaintiff's decedent, who was an employee of a pipe manufacturer, was

killed when the driver of an independent motor carrier who was hired to carry the pipe to the plant's customers backed over the decedent. The *Floyd* Court held that the negligence action was barred by the exclusive remedy provision. The Court noted:

> Glamorgan's [the defendant's employer's] ... business ... was manufacturing pipe and selling and shipping it to its customers. Transporting the pipe to its customers was a necessary element of this business. . . .
>
> The test is not whether the owner, by engaging an independent contractor to perform some part of its business, thereby engages in the business of the independent contractor. It is whether the independent contractor is performing work that is part of the ... business ... of the owner.

*Id.* at 11-12. This result was reached in the *Floyd* case even though the delivery was to the customers of the pipe company as opposed to another of its facilities.

Neither *Sun Oil Co. v. Lawrence*, 212 Va. 596 (1973), nor *Shell Oil Co. v. Leftwich*, 212 Va. 715 (1972), which are relied upon by the Plaintiff, involve accidents occurring during the transport of the oil companies' product to its customers or other facilities, so neither of those cases are controlling on the issues before the court in this case.

In the instant case, the Plaintiff was injured while engaged in the transport of Family Dollar's goods from its distribution center to its retail outlets, which is an integral part of its normal business. Family Dollar had the capacity to do this transport but simply elected to contract it out.

Although there is a family of Family Dollar corporations, they are all an integral part of one integrated business enterprise, which is engaged in the sale and distribution of retail products. Therefore, the fact that one Family Dollar Corporation owns and operates the Distribution Center and another owns the stores which receives the goods from the distribution center does not alter the analysis.

## III. *Decision*

Upon consideration whereof, it is adjudged and ordered that (1) Defendants' Plea in Bar is sustained and (2) this case is dismissed with prejudice from the court's docket.