# RICHARD W. EVANS

## V.

# RICHARD D. HOOK

Record No. 880654

January 12, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ., and Harrison, Retired Justice

*Gregory A. Giordano (Thomas B. Shuttleworth; Shuttleworth, Ruloff, Giordano & Kahle*, on brief), for appellant.

*Thomas O. Lawson (Laurie E. Forbes; Lawson, Kipp & Forbes*, on brief), for appellee.

*Amicus Curiae:* Virginia Society of the American Institute of Arbitrators (Murray H. Wright; William L. Thurston; Francis E. Telegadas; Wright, Robinson, McCammon, Osthimer & Tatum), for appellee.

JUSTICE WHITING delivered the opinion of the Court.

In this action at law, we decide whether a sole proprietor, who is a contractor on an owner's job but has no employees, can claim

statutory immunity from common-law liability to a worker injured on the same job, under the Virginia Workers' Compensation Act.

William J. Page, James L. Page, Walter R. Page, and Lawrence J. Page formed a general partnership known as Page-Holland Partnership (the partnership) for the purpose of acquiring, owning, and developing a tract of land on Holland Road in Virginia Beach. The partnership entered into a number of contracts to facilitate the construction of a building which it planned to rent to a car dealer. One such contract was with Richard D. Hook, a self-employed architect, to design and supervise the construction of the building. Another contract was with Lasal Construction Company (Lasal) to construct the building. Lasal then subcontracted the masonry work to Commonwealth Masonry, Inc. (Commonwealth).

On September 23, 1986, Richard W. Evans, a laborer employed by Lasal, was injured while working near a masonry wall, constructed by Commonwealth, which collapsed on him. Evans sued Hook and Commonwealth, alleging that his injuries were the result of Hook's individual negligence and the negligence of Commonwealth's employees. Hook and Commonwealth filed pleas contesting the subject-matter jurisdiction of the court on the ground that Evans's remedy was limited to the benefits provided by the Virginia Workers' Compensation Act (the act).

The trial court sustained the pleas and Evans appeals only the judgment in Hook's favor. After granting Evans's appeal, we permitted the Virginia Society of the American Institute of Architects to file a brief *amicus curiae* in support of Hook's contentions.

Hook contends that he is entitled to the immunity provided by Code § 65.1-40. It reads as follows:

The rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death.

Although they are not common-law employers of injured workers, independent contractors who are subject to the provisions of Code § 65.1-29 (imposing liability upon owners for payment of

compensation benefits to employees of subcontractors) have been characterized as "statutory employers," *see Cinnamon* v. *International Business Machines Corp.*, 238 Va. 471, 474, 384 S.E.2d 618, 619 (1989). Also, the injured workers making claims against such parties are considered "statutory employees." *Anderson* v. *Construction Company*, 201 Va. 266, 272, 110 S.E.2d 396, 400 (1959), *appeal dismissed*, 363 U.S. 719 (1960). Code § 65.1-29 provides:

When any person (in this section and §§ 65.1-31 and 65.1-32 referred to as "owner") undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section and §§ 65.1-31 to 65.1-34 referred to as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Act which he would have been liable to pay if the workman had been immediately employed by him.

In *Smith* v. *Horn*, 232 Va. 302, 351 S.E.2d 14 (1986), we said that

[t]he purpose of [§ 65.1-29] and related provisions of the Workers' Compensation Act is to bring within the operation of the Act all persons engaged in work that is part of the trade, business, or occupation of the party who undertakes as owner or who contracts as contractor to perform the work, and to make liable to every employee engaged in the work every such owner, contractor, or subcontractor above such employee.

*Id.* at 305, 351 S.E.2d at 16.

■ On the other hand, as we pointed out in *Smith*, a common-law action may be brought against an "other party" under the provisions of Code § 65.1-41. 232 Va. at 306, 351 S.E.2d at 16. Code § 65.1-41 provides in pertinent part:

The making of a lawful claim against an employer for compensation under this Act for the injury . . . of his employee shall operate as an assignment to the employer of any right

to recover damages which the injured employee . . . may have against *any other party* for such injury . . . .[*]

(Emphasis added.) We described that "other party" as "one who is a stranger to the employment and the work and who is thus not within the scope of the exclusion of § 65.1-40." *Smith*, 232 Va. at 306, 351 S.E.2d at 16.

Because statutory employers are not "stranger[s] to the employment and work" of the owner, they are not "other parties" under the provisions of Code § 65.1-41. *Id.* Therefore, even though they are independent contractors and are not the injured employees' common-law employers, they are under the canopy of the act and entitled to the immediate employers' statutory immunity from common-law actions provided by Code § 65.1-40. *See, e.g., Conlin v. Turner's Express, Inc.,* 229 Va. 557, 559, 331 S.E.2d 453, 455 (1985); *Floyd, Administratrix v. Mitchell,* 203 Va. 269, 274, 123 S.E.2d 369, 372 (1962); *Rea, Administratrix v. Ford,* 198 Va. 712, 716-17, 96 S.E.2d 92, 95-96 (1957). Moreover, even though such an independent contractor may not have been liable for payment of workers' compensation benefits to the injured employee, he is still entitled to such immunity. *See Anderson,* 201 Va. at 272, 110 S.E.2d at 400 (injured employee of one contractor suing another contractor); *Rea, Administratrix,* 198 Va. at 717, 96 S.E.2d at 95-96 (personal representative of deceased employee of principal contractor suing subcontractor).

Similarly, because he is not a "stranger to the employment," an allegedly negligent employee of one contractor, engaged in the same business or project of an owner as an injured employee of another contractor, is not an "other party" amenable to suit under Code § 65.1-41. *See Smith,* 232 Va. at 307, 351 S.E.2d at 17. Therefore, although not a statutory employer, a fellow statutory employee is still entitled to such immunity.

Evans contends that because Hook has no employees and is an independent contractor, he cannot be a statutory employer as described in *Cinnamon,* nor can he be a fellow statutory employee of Evans, as described in *Smith.* Accordingly, Evans concludes that Hook must be an "other party," subject to common-law actions under the provisions of Code § 65.1-41.

---

* Hook does not raise the issue, and we do not decide, whether the assignment provisions of this section are sufficient to preclude this action by Evans in his own right.

■ However, a defendant's business structure and number of employees have never been considerations in deciding whether he is entitled to the act's immunity. Instead, as we have pointed out, the issue turns on the defendant's relation to the project on which the plaintiff was injured. *Cinnamon*, 238 Va. 471, 384 S.E.2d 618; *Smith*, 232 Va. 302, 351 S.E.2d 14; *Conlin*, 229 Va. 557, 331 S.E.2d 453; *Floyd, Administratrix*, 203 Va. 269, 123 S.E.2d 369; *Rea, Administratrix*, 198 Va. 712, 96 S.E.2d 92. Indeed, citing *Floyd, Administratrix* and *Rea, Administratrix*, we have held that a defendant, who had no employees and caused injury to another's employee while both were engaged in the owner's business, was not an "other party" and thus was entitled to the act's immunity from common-law actions. *Lucas* v. *Biller*, 204 Va. 309, 315, 130 S.E.2d 582, 586-87 (1963). We said that it did not matter whether the defendant

> was an independent contractor or a fellow-servant of the plaintiff. . . . The purpose of the [Workers'] Compensation Act is to limit recovery to all persons engaged in the business of the employer to compensation under the Act and to deny an injured person the right of recovery against any other person unless he is a stranger to the business.

*Id*. at 315, 130 S.E.2d at 586.

Evans contends that the recent case of *Intermodal Services, Inc.* v. *Smith*, 234 Va. 596, 364 S.E.2d 221 (1988), overrules *Lucas* to the extent that it held that the defendant in that case was an "other party" against whom a common-law action could be maintained. We do not agree.

Evans fails to recognize that before an employee can claim the benefits of the act, or be subject to its restrictions, he must be considered an employee under its terms. The *Intermodal* plaintiff, an independent contractor vis-a-vis the defendant, was simply *not* an employee under the act and, therefore, was not subject to its limitations in bringing his common-law action, even though the defendant was not a stranger to the employment. *Intermodal*, 234 Va. at 602, 364 S.E.2d at 225.

On the other hand, the plaintiff in *Lucas was* an employee within the meaning of the act, and the defendant, who was not a stranger to the plaintiff's employment, was either a fellow-employee or an independent contractor entitled to statutory immu-

nity from the injured employee's common-law action. *Lucas*, 204 Va. at 315, 130 S.E.2d at 586.

■ If, as Evans contends, Hook and others similarly situated are amenable to common-law actions brought by workers injured on the same job, they would obviously adjust their future contract prices to meet this contingency. As a result, those persons who bear the burden of workers' compensation payments, as owners, employers, and statutory employers, would ultimately bear the additional cost of protecting against such common-law claims. Such a construction of the act would defeat one of its primary purposes, which is to limit the burden of those responsible for the cost of industrial accidents to the payment of workers' compensation. *Lucas*, 204 Va. at 315, 130 S.E.2d at 586; *Feitig v. Chalkley*, 185 Va. 96, 102, 38 S.E.2d 73, 75 (1946).

For these reasons, we conclude that the trial court correctly sustained Hook's plea to the jurisdiction of the court, and the judgment will be

*Affirmed.*