## CIRCUIT COURT OF FAIRFAX COUNTY

James D. Weatherman, Jr.

v.

A.G. Van Metre, Jr., Inc., et al.

May 14, 1992

Case No. (Law) 92927

BY JUDGE JACK B. STEVENS

This matter has been under advisement by the Court to consider defendant A.G. Van Metre, Jr., Inc.'s Plea in Bar. The Court has considered the arguments of counsel, as well as the cases cited in support thereof. For the reasons that follow, the Plea in Bar is sustained.

According to the parties' stipulation, the relevant facts are as follows. On April 14, 1988, the plaintiff, James D. Weatherman, Jr., was an employee of Moore Brothers Construction, Inc., working on the Nutley Street/I-66 Interchange Project in Vienna, Virginia. On that date, Weatherman was acting within the scope of his employment directing trucks where to dump material. (Stipulation Paragraph 1.)

Moore Brothers was the general contractor on the Nutley Street/I-66 Interchange Project, and the Commonwealth of Virginia, through the Virginia Department of Transportation (VDOT), was the owner of the project. (Stipulation Paragraph 2.) Moore Brothers is in the construction business. A part of that business is, and was in April of 1988, to furnish and/or remove materials such as fill dirt to and from the job sites. (Stipulation Paragraph 5.) Among other things, the contract with VDOT required Moore Brothers to furnish fill material to the Nutley Street Project. (Stipulation Paragraph 3.)

Specifically, the contract required the installation of 327,000 cubic yards of fill material on the Nutley Street job, which is many thousands of dump truck loads of material. (Stipulation Paragraph 16.) On April 14, 1988, Moore Brothers did not have a fleet or a

large number of dump trucks which were capable of hauling fill material over the road in sufficient quantity to satisfy the needs of the Nutley Street Project. (Stipulation Paragraph 21.) Nor did Moore Brothers have employees who normally transported fill materials to or between the job sites. (Stipulation Paragraph 22.) Accordingly, Moore Brothers was required to rent trucks and drivers to furnish materials to the Nutley Street Project site. (Stipulation Paragraph 4.)

On April 14, 1988, 80 to 100 separate trucks dumped between 500 and 700 loads of fill material to the Nutley Street job. (Stipulation Paragraph 18.) One of the trucks and drivers was rented from A.G. Van Metre, Jr., Inc. (Stipulation Paragraph 6.) The material being hauled by the Van Metre truck and driver came from another Moore Brothers/VDOT project. (Stipulation Paragraph 8.)

According to the Motion for Judgment, the plaintiff was injured when the tailgate of the Van Metre truck broke away from an "allegedly secure position and swung in an uncontrolled fashion and struck the plaintiff." (Motion for Judgment Paragraph 4.) The plaintiff received and is still receiving compensation through the Virginia Workers' Compensation Act. (Stipulation Paragraph 11.)

Van Metre has filed a Plea in Bar alleging that suit against it is barred by § 65.1–30 and § 65.1–40 (now § 65.2–302(B) and § 65.2–307) of the Virginia Workers' Compensation Act based on the theory of "statutory employer." The Court agrees.

The Workers' Compensation Act contemplates that a contractor may perform or execute work that is a part of his trade, business, or occupation through subcontractors.[1] If work performed by an employee of a subcontractor is part of the contractor's trade, business, or occupation, the worker is deemed the contractor's "statutory employee" and is covered by the Act. *Cinnamon v. International Busi-*

---

[1] Section 65.1–30 (recodified as § 65.2–302(B)) states as follows: "When any person (in this section and §§ 65.1–31 through 65.1–34 referred to as 'contractor') contracts to perform or execute any work for another person which work or undertaking is not a part of the trade, business or occupation of such other person and contracts with any other person (in this section and §§ 65.1–31, 65.1–32, 65.1–33 and 65.1–34 referred to as ʼsubcontractor') for the execution or performance by or under the subcontractor of the whole or any part of the work undertaken by such contractor, then the contractor shall be liable to pay to any workman employed in the work any compensation under this Act which he would be liable to pay if that workman had been immediately employed by him."

*ness Machines*, 238 Va. 471, 475, 384 S.E.2d 618 (1989); *Smith v. Horn*, 232 Va. 302, 351 S.E.2d 14 (1986).

Section 65.1–40[2] of the Act (recodified as § 65.2–307) makes Workers' Compensation an employee's exclusive remedy, even as to a statutory employer. *Cooke v. Skyline Swannanoa*, 226 Va. 154, 307 S.E.2d 246 (1983). A common law action may only be brought against someone who is considered an "other party" under § 65.1–41, also know as a "stranger to the workplace." *Smith*, 232 Va. 302, 351 S.E.2d 14; *Evans v. Hook*, 239 Va. 127, 387 S.E.2d 777 (1990). A statutory employer or employee is not a stranger to the workplace. *Evans*, 239 Va. 127, 131, 387 S.E.2d 777.

In *Shell Oil Co. v. Leftwich*, 212 Va. 715, 722 187 S.E.2d 162 (1972), the Court, quoting from Larson, *The Law of Workmen's Compensation*, § 49.12 at 9–53 (1952) (emphasis added), stated:

> [T]he test is not one of whether the subcontractor's activity is useful, necessary, or even absolutely indispensable to the statutory employer's business, since, after all, this could be said of practically any repair, construction or transportation service. The test (*except in cases where the work is obviously a subcontracted fraction of a main contract*) is whether this indispensable activity is, in that business, normally carried on through employees rather than independent contractors . . . .

In the case at bar, the Court finds the plaintiff should be considered a statutory fellow employee with Van Metre for either of two reasons. First, the plaintiff admits that part of his employer Moore Brothers' business, the construction business, is, and was in April of 1988, to furnish fill dirt to job sites. (Stipulation Paragraph 5.) This is the job for which the Van Metre truck and driver were rented to carry out. Since the subcontractor, Van Metre, was performing a function which was *admittedly* part of the trade, business, or occupation of the contractor, Moore Brothers, Moore Brothers became the statutory employer of Van Metre. Accordingly, suit cannot be had between fellow statutory employees, the plaintiff and Van Metre.

---

[2] Section 65.1–40 reads as follows: "The rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death."

Second, applying the *Shell Oil* test, the Court again finds Moore Brothers the statutory employer of Van Metre, making the plaintiff and Van Metre statutory fellow employees. Defendant Van Metre was not a mere materialman supplying materials to a job site, as was the case in *Burrough v. Walmont, Inc.*, 210 Va. 98, 168 S.E.2d 107 (1969), and *Hipp v. Sadler Materials Corp.*, 211 Va. 710, 180 S.E.2d 501 (1971). *See Conlin v. Turner's Express, Inc.*, 229 Va 557, 560, 331 S.E.2d 453 (1985). The transportation of fill materials to the Nutley Street Project site was one of the duties required of Moore Brothers under the contract. (Stipulation Paragraph 3.) It required thousands of dump truck loads of material. (Stipulation Paragraph 16.) It was obviously a subcontracted fraction of the main contract with VDOT. Accordingly, the second prong of the *Shell Oil* test, regarding whether an activity is normally carried on through employees, is never reached. *See Cooke* at 159, 307 S.E.2d 246; *Cinnamon*, 238 Va. 471, 476–77, 384 S.E.2d 618. Under the *Shell Oil* test Moore Brothers was the statutory employer of Van Metre. Accordingly, the Plea in Bar is sustained.