## CIRCUIT COURT OF AMHERST COUNTY

Thomas A. Porter

v.

Jasper A. Oliver

October 30, 1992

Case No. 4186

BY JUDGE J. MICHAEL GAMBLE

This case is a personal injury action arising out of a collision between automobiles operated by the Plaintiff and the Defendant on the campus of Sweet Briar College. At the time that the accident occurred, Jasper A. Oliver was employed by Sweet Briar College as a counselor with the Swiss Students Program. Further, at the time of the accident, Thomas A. Porter was employed as a Security Officer at Sweet Briar College.

The Defendant, Oliver, has filed his Special Plea and Motion to Dismiss on the grounds that both the Plaintiff and the Defendant were employees of Sweet Briar College at the time of the collision, and thus the Workers' Compensation Act bars any recovery by Plaintiff from Defendant.

The collision occurred at about 3:40 p.m. on July 6, 1990, near the Sweet Briar Lake. The Plaintiff has admitted that he was an employee of Sweet Briar at that time and that he was acting within the scope of his employment when the collision occurred. However, the Plaintiff does not admit that the Defendant was operating within the scope of his employment at the time of the collision.

The parties agreed to allow the Court to hear evidence *ore tenus* on this issue. Thomas Connors, Vice-President and Treasurer of Sweet Briar College, testified that Mr. Oliver had twenty-four hours per day responsibility for the Swiss students and lived on the campus in the dormitory with the Swiss students. At the time of the accident, Mr. Oliver was going to the beach area at Sweet Briar Lake to check

on the students who were in an "organized swim." Also, he was going to inform the students about the evening activities.

The evidence and admissions of the Plaintiff clearly indicate that his injuries arose out of and in the course of his employment at Sweet Briar College.

Thus, the real issue in the case is whether or not the Plaintiff has the right to bring an action against an independent third party and circumvent the general bar of the Workers' Compensation Act.

The general purpose of the Workers' Compensation Act is to limit the recovery of all persons engaged in the business in consideration to compensation under the act and to deny the injured person the right of a second recovery against another person unless the other person is a "stranger" to the business. *Rea v. Ford*, 198 Va. 712, 717, 96 S.E.2d 92 (1957). *See also* § 65.2–307 and § 65.2–309, Code of Virginia (1950) as amended. The Workers' Compensation Act prohibits an injured employee from maintaining an action at law against his co-employee for negligence causing injury. *Coker v. Gunter*, 191 Va. 747, 757, 63 S.E.2d 15 (1951).

Further, in *Nickols v. VVKR, Inc.*, 241 Va. 516, 519, 403 S.E.2d 698 (1991), the Supreme Court of Virginia held:

> all workers who are engaged in the trade, business, or occupation of the owner of a project are deemed to be statutory fellow employees. The remedy for any injuries suffered by one of them as a result of the alleged negligence of another is limited to that available under the Workers' Compensation Act.

Further, in *Evans v. Hook*, 239 Va. 127, 131, 387 S.E.2d 777 (1990), the Court held that in order for the act not to apply, the other party must be a stranger to the employment.

In the instant case, all of the evidence indicates that both the Plaintiff and the Defendant were performing duties in the course of their employment with Sweet Briar College. Thus, the Defendant is not a stranger to the employment of Sweet Briar College. Accordingly, the only remedy of the Plaintiff is under the Workers' Compensation Act.

Therefore, the Special Plea and Motion to Dismiss are granted.