## CIRCUIT COURT OF THE CITY OF RICHMOND

Robert A. Olliver, Jr.

v.

Richmond Imports, Inc.,
t/a Richmond Mitsubishi

May 24, 1995

Case No. LX-2519-1

BY JUDGE MELVIN R. HUGHES, JR.

In this slip and fall case, the defendant a local automobile dealership (Richmond Mitsubishi) asserts that plaintiff's claim cannot proceed because it is barred by the workers' compensation laws.

Plaintiff is a car salesman for Richmond Honda. He alleges that while on Richmond Mitsubishi's parking lot he slipped and fell and was injured. Prior to the fall and while at Richmond Honda, plaintiff met a customer who inquired about a late model Honda automobile. Richmond Honda did not have the particular model in stock. Plaintiff determined that just such an automobile was located at Richmond Mitsubishi. So, after consulting with his manager, plaintiff drove his manager's car over to Richmond Mitsubishi to pick up the Honda. After completing the sale of the automobile at Richmond Honda, plaintiff returned to Richmond Mitsubishi to retrieve his manager's car when he allegedly slipped and fell and was injured.

Though Richmond Honda and Richmond Mitsubishi, both corporations, have no formal ties by way of being parent and subsidiary, interlocking directors or the like, defendant's plea of workers' compensation is based on the relationship of the two in what the defendant calls the Pearson Auto Group. The Group consists of several corporations "owned" by Max Pearson. Pearson, his son and his daughters are the sole shareholders of the Pearson Companies. The Pearson Companies own all of the stock of Rich-

mond Honda and Max Pearson personally owns all of the stock of Pearson Imports, d/b/a Richmond Mitsubishi, defendant. The Pearson Auto Group itself is not a corporation but a trade name.

Richmond Mitsubishi contends that it is not an "other party," that is, not a stranger to the trade or business in which the plaintiff is involved at the time within the meaning of § 65.2-309 and thus plaintiff's claim is like that of an employee injured in a work-related accident where the Virginia Workers' Compensation Act provides the sole and exclusive remedy against the employer. In its pertinent part, Va. Code § 65.2-309 reads as follows:

> A. A claim against an employer under this title for injury or death benefits shall operate as an assignment to the employer of any right to recover damages which the injured employee, his personal representative or other person may have against any *other party* for such injury or death, and such employer shall be subrogated to any such right and may enforce, in his own name or in the name of the injured employee or his personal representative, the legal liability of such *other party* . . . . [Emphasis supplied.]

In support of its position that it is not an "other party" Richmond Mitsubishi has presented the deposition of Bruce Wayne Hale, director of operations for Pearson Auto Group. He testified that the name Pearson Auto Group, though not an entity, refers to all the business concerns Max Pearson and his family operate. These include a total of six dealerships in the Richmond area, some in the Tidewater area in Virginia, and others in Florida and Texas. There are other business enterprises as well in advertising and insurance. With regard to dealerships in Richmond, which again include Richmond Honda and Richmond Mitsubishi, according to Hale "corporate staff" manages things such as advertising, insurance, accounting and benefits in common for all because "it [makes] sense for us to consolidate or group purchase or group manage." He stated that it would not be unusual for one dealership to sell a car that is actually owned by one of the other dealerships but these would "not [be] the majority of transactions." Car availability of each dealership can be ascertained through a computer system. This computer cross-indexing of automobiles between dealerships is not available to salesmen like plaintiff, only mangers, Hale testified.

The Court does not agree that plaintiff's claim is barred by workers' compensation. To agree would mean that Richmond Mitsubishi was involved in the work of Richmond Honda. The question is whether the plaintiff can be considered an employee of Richmond Mitsubishi for purposes of workers' compensation. *Evans v. Hook*, 239 Va. 127 (1990). And more, whether plaintiff can maintain this action depends upon whether the work performed by plaintiff was part of Richmond Mitsubishi's "trade, business or occupation." See § 65.2-302(A). These questions are resolved on the facts and circumstances of each case. *Bassett Furniture v. McReynolds*, 216 Va. 897, 902 (1976).

There is no question that plaintiff was not employed directly by Richmond Mitsubishi. He worked for Richmond Honda. His work for Richmond Honda, not Richmond Mitsubishi, brought him to Richmond Mitsubishi's premises on the day he allegedly slipped and fell. Nor was plaintiff employed by a subcontractor at the time such that an owner, in this case Richmond Mitsubishi, would be liable for payment of compensation benefits to employees of subcontractors as a statutory employer under § 65.2-302, § 65.2-303, and § 65.2-304.

To be an "other party" within the meaning of § 65.2-304 "one . . . is a stranger to the employment and the work . . . ." *Smith v. Horn*, 232 Va. 302, 306 (1986). It is correct, as Richmond Mitsubishi observes that the cases applying the "other party" test arise in the construction industry when there is a claim by an employee of a contractor against employees of another contractor when the employees are engaged in the same project. In these cases the bar of workers' compensation attaches and the suing employee's remedy is only workers' compensation. See § 65.2-307. The same applies when the employees are independent contractors involved in the same business or trade.

To say that the bar attaches here because Richmond Mitsubishi was engaged, as was Richmond Honda, in the same "trade, occupation, business" as part of the Group, and in this instance cooperating to sell a particular automobile does not go far enough. Cooperation or mere association of related parties is not dispositive of the question of workers' compensation as a bar to a common law claim.

> It is clear that where the negligence causing the injury is that of a stranger to the business, the employee should not and is not, deprived of his common law right of action against such a stranger for the reason that, though the accident may arise out of and in the course of the employment, the dominant cause of the

> accident is not inherent in the business and is not a loss which the act contemplates that the injury should ultimately bear.

*Feitig v. Chalkley*, 185 Va. 96, 99 (1946). Here the evidence is lacking that Richmond Honda and Richmond Mitsubishi did cooperative exchanges of automobiles or tied their affairs one to the other generally to become a part of the other's trade, business or occupation. Though, as the director of operations for Pearson Auto Group stated, the dealerships are operated as a unified business, the type of exchange in which plaintiff had just been engaged prior to his injury was one that was not "the majority of transactions." For all other intents and purposes, his testimony revealed that the separate corporations, although related under the Pearson Group, operate as competitors. They are not engaged jointly to achieve an overall objective nor are they devoted together to a project or enterprise of selling automobiles together. The record here fails to demonstrate that passing vehicles for sale between the two entities was done with enough frequency and regularity to label this activity as part of the other's business. *Bassett Furniture v. McReynolds*, 216 Va. 897 (1976).

For these reasons workers' compensation is not applicable under the facts in this case and the plea is overruled.