# CIRCUIT COURT OF THE CITY OF NORFOLK

Nelda J. Lincecum

v.

Alrod Enterprises, Inc.

March 20, 1997

Case No. (Law) L95-564

BY JUDGE MARC JACOBSON ·

Nelda J. Lincecum (Plaintiff) filed the instant action to recover damages for personal injuries she allegedly sustained as a result of the alleged · negligence of Alrod Enterprises, Inc. (Defendant). Plaintiff alleges that while walking in the hallway at the Armed Forces Staff College (College) that as a result of Defendant's alleged negligence in applying floor wax to the hallway in which she was walking and alleged negligence for failure to adequately post warnings of the danger posed by the freshly-applied wax on the floor, that she slipped and fell resulting in her alleged injuries and damages. Defendant has moved for Summary Judgment contending that the Virginia Workers' Compensation Act (Act) precludes a common law negligence action against fellow statutory employees, alleging that Plaintiff and Defendant are statutory fellow employees.

On the date of the alleged injury, Plaintiff was employed as a waitress/cashier at the College Officer's Club. Plaintiff was employed by the Department of Morale, Welfare, and Recreation, a nonappropriated funds instrumentality of the Armed Forces of the United States as defined by 5 U.S.C. § 1971. Defendant provided janitorial services at the College pursuant to a contract with the Navy Public Works Center. In her capacity as a cashier at the College Officer's Club, Plaintiff was making her nightly deposit in one of the buildings at the College and slipped and fell on a floor freshly waxed by employees of Defendant. Plaintiff applied for and

received compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950.

The Act provides for the exclusive remedies of an employee against an employer and fellow employees for accidental injuries arising out of and in the course of the employment. Va. Code Ann. §§ 65.2-300, 65.2-307 (Michie 1995); *see, Ramey v. Bobitt,* 250 Va. 474, 478, 463 S.E.2d 437, 439-40 (1995); *Nichols v. VVKR, Inc.,* 241 Va. 516, 403 S.E.2d 698 (1991). The Act also defines who is a statutory employer for the purposes of the Act:

> When any person . . . undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person . . . for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if the worker had been immediately employed by him.

Va. Code Ann. § 65.2-302(A).

The issue in this case is whether the Defendant was performing part of the Navy Public Works Center's "trade, business or occupation." The Virginia Supreme Court has developed several tests for determining whether a subcontractor is performing the trade, business, or occupation of the contractor. *Cf., Nichols v. VVKR, Inc.,* 241 Va. 516, 403 S.E.2d 698 (1991) (the "authorized or required government activity" test); *Shell Oil Co. v. Leftwich,* 212 Va. 715, 187 S.E.2d 162 (1972) (the "normally performed by employees" test); *Feitig v. Chalkley,* 185 Va. 96, 38 S.E.2d 73 (1946) (the "stranger to the trade" test).

The proper test to apply in this case is the "authorized government activity" test set forth in the *Nichols* line of cases. *See, Roberts v. City of Alexandria,* 246 Va. 17, 19, 246 S.E.2d 275, 276 (1993). According to that test, "if the project's owner is a governmental agency or a public utility, any activity which the owner is authorized or required to do by law or otherwise, is considered the trade, business, or occupation of the owner." *Nichols,* 241 Va. at 521, 403 S.E.2d at 701. It would not appear to be disputed that the Navy Public Works Center is a governmental agency that is authorized by law to enter into contracts for custodial services at the College. (Mem. Supp. Mot. Sum. J. at 3.) The law under which government entities were created and under which they function determine their trade,

business, or occupation. *See, Anderson v. Thorington Constr. Co.*, 201 Va. 266, 110 S.E.2d 396 (1959). The Defendant, therefore, is a statutory fellow employee of the Plaintiff, and the Plaintiff cannot maintain a cause of action for common law negligence.

The Plaintiff has argued that a material fact is genuinely in dispute and, therefore, summary judgment is inappropriate. *See*, R. S. Ct. Va. 3:18. Plaintiff claims that whether Navy employees ever performed the services that Alrod performed is a material question of fact to be determined by the jury. While this fact may be material if an alternative test were applicable to this case, the fact is immaterial to the authorized government activity test. Consequently, the Court finds that no material fact is genuinely in dispute.

The Defendant's Motion for Summary Judgment is granted.