Present:  Carrico, C.J., Lacy, Keenan, Koontz, Kinser, and
Lemons, JJ., and Whiting, S.J.

BRUCE RAY PFEIFER                           OPINION BY
                                    SENIOR JUSTICE HENRY H. WHITING
v.  Record No. 001615                       June 8, 2001

KRAUSS CONSTRUCTION COMPANY
OF VIRGINIA, INC.

              FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                      A. Bonwill Shockley, Judge

    This appeal of a personal injury claim involves Code

§ 65.2-307, the exclusive remedy provision of the Virginia

Workers' Compensation Act, Code §§ 65.2-100 through -1310 (the

Act), and its applicability to a common-law claim of Bruce Ray

Pfeifer, an employee of one subcontractor on a construction job

who sued another subcontractor for personal injuries received on

the job.[1]

    The parties stipulated the facts.  Linkhorn Bay Associates,

L.L.C. (Linkhorn Bay) was the owner of a project known as

Linkhorn Bay Condominiums in the City of Virginia Beach.

Linkhorn Bay had no employees, and subcontracted all the work to

various subcontractors.  One such contract was an oral contract

---

[1] Code § 65.2-307 provides in pertinent part:

A.  The rights and remedies herein granted to an employee
[against his employer]. . . shall exclude all other rights
and remedies of such employee . . . at common law or
otherwise, on account of such injury, loss of service or
death.

with Virginia Natural Gas (the gas company), in which the gas company agreed to dig, install, and test natural gas lines, and to connect them to the condominium buildings on the site at no charge to Linkhorn Bay, in return for Linkhorn Bay's agreement to install appliances using natural gas in the planned condominium units. Linkhorn Bay executed another contact with Pfeifer's common-law employer, Tidewater Applicators, Inc. (Tidewater), in which Tidewater was to "complete 'Exterior Finish System for construction' of the Project."

The gas company subcontracted its contractual obligation to Krauss Construction Company of Virginia, Inc. (Krauss). While Krauss' employees were testing the gas line, a plastic gas cap blew off the line, striking and injuring Pfeifer, who was working on the job.

Pfeifer filed a personal injury action against Krauss.[2] Krauss filed a plea in bar in which it maintained that the court had no jurisdiction to adjudicate Pfeifer's common-law claim because Krauss was Pfeifer's co-employee under the terms of the Act, and therefore his exclusive remedy was under Code § 65.2-300. Pfeifer denied that Krauss was his statutory co-employee

_____

[2] Pfeifer's action was filed in the Circuit Court of the City of Norfolk and, on motion by the defendant, it was later transferred to the Circuit Court of the City of Virginia Beach under the provisions of Code § 8.01-264.

and asserted that the exclusive remedy provision of the Act was inapplicable.

After hearing argument, the trial court sustained Krauss' plea.  We granted this appeal to Pfeifer.

Because Pfeifer was not Krauss' common-law employee, the controlling statute is Code § 65.2-302.  With the names of the parties hereto added in brackets, it provides in relevant part as follows:

§ 65.2-302. Statutory employer.

A.  When any person (referred to in this section as "owner") [Linkhorn Bay] undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (referred to in this section as "subcontractor") [the gas company] for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if the worker had been immediately employed by him.

. . . .

C.  When the subcontractor [the gas company] in turn contracts with still another person (also referred to as "subcontractor") [Krauss] for the performance or execution by or under such last subcontractor of the whole or any part of the work undertaken by the first subcontractor, then the liability of the owner or contractor shall be the same as the liability imposed by subsections A and B of this section.  [Emphasis added.]

Under this statute, even though a third party subcontractor like Krauss may not have a common-law employer-employee

3

relationship with injured workers like Pfeifer, their respective rights and obligations may be affected.

> The purpose of [Code § 65.2-302][3] is to bring within the operation of the Act all persons engaged in work that is a part of the trade, business, or occupation of the party who undertakes as owner or who contracts as contractor to perform the work, and to make liable to every employee engaged in the work every such owner contractor, or subcontractor above such employee.

Smith v. Horn, 232 Va. 302, 305, 351 S.E.2d 14, 16 (1986).  If the injured worker has a remedy against his statutory employer, that remedy is exclusive under Code § 65.2-307, and the worker has no right to bring a common-law action against any such statutory employer.  See Smith, 232 Va. at 306-07, 351 S.E.2d at 16; Anderson v. Thorington Construction Company, Inc., 201 Va. 266, 272, 110 S.E.2d 396, 400-01 (1959), appeal dismissed, 363 U.S. 719 (1960).

If a particular subcontractor and an injured employee's common law or statutory employer are both working on the same project and are also engaged in the owner's or general contractor's work, that particular subcontractor, as a statutory co-employee of the injured worker, is also entitled to the common law immunity provided by the exclusivity provision. Evans v. Hook, 239 Va. 127, 131, 387 S.E.2d 777, 779 (1990). Because Krauss contends that it and Tidewater were both

---

[3] The reference was to Code § 65.1-29 "and related provisions" of the Act, which are now embodied in Code § 65.2-302.

4

subcontractors under Linkhorn Bay, Krauss asserts the immunity of a statutory co-employee here.

On the other hand, if a subcontractor like Krauss had been engaged in work that was not a part of the trade, business, or occupation of the injured party's common law or statutory employer, as Pfeifer asserts, that subcontractor would be "another party" or a "stranger to the employment," and not a statutory co-employee under the provisions of Code § 65.2-302.[4] Therefore, Krauss would be subject to a common-law action by the injured worker. Evans v. Hook, 239 Va. at 130-31, 387 S.E.2d at 778. Hence, the dispositive issue framed by the parties in this case is whether Krauss' installation of the gas line was a part of the trade, business, or occupation of Linkhorn Bay, making Krauss Pfeifer's statutory co-employee.

First, Pfeifer argues that the gas company was a mere supplier of materials to the job and was not engaged in the trade, business, or occupation of Linkhorn Bay. In support of this position, Pfeifer cites the case of Burroughs v. Walmont, Inc., 210 Va. 98, 168 S.E.2d 107 (1969). In Burroughs, a worker for a sheetrock supplier was injured on a construction job and

---

[4] "Another party" or "stranger to the employment" is the person or entity not entitled to the benefit of the exclusivity provision of the Act against whom the injured employee (or his employer who has a subrogation claim for benefits paid under the Act) has a common law claim arising out of the industrial

was permitted to maintain a tort claim against the general contractor. The contract between the supplier and the general contractor required the worker to deliver and stack in each room sufficient quantities of sheetrock to construct the walls in that room. Noting prior cases in which we held that "persons who function solely as suppliers and deliverers of goods" were not within the scope of the Act, we concluded that this was the final act of delivery and not an act of construction. Id. at 100, 168 S.E.2d at 108. Because the injured employee's employer was not engaged in the construction process, the injured employee was permitted to maintain a common-law action against the general contractor. Id.

However, the facts in this case indicate more than a mere sale and final act of delivery. Before the gas company could deliver the natural gas, its oral contract with Linkhorn Bay required it to dig the ditches, install the gas lines, connect them to the condominium buildings, and test them. Those contractual obligations were subcontracted to Krauss and, as it dug the ditches, installed the gas lines, connected them to the condominium buildings and tested them, Krauss was engaged in a part of the construction process. Thus, the circumstances in

accident. Code § 65.2-309; Sykes v. Stone & Webster Eng'r Corp,. 186 Va. 116, 120-21, 41 S.E.2d 469, 471 (1947).

6

this case are more like those in the case of Bosher v. Jamerson, 207 Va. 539, 151 S.E.2d 375 (1966), relied upon by Krauss.

In Bosher, an employee of a material supplier was spreading sand as contractually required and as directed on the job by the general contractor when his truck struck and injured an employee of the general contractor. The injured employee sued the material supplier at common law claiming that it was a mere supplier of materials and not his statutory employer. Because spreading the sand was a part of the construction process, we held that the truck driver was engaged in the construction process and applied the exclusive remedy provision of the Act, dismissing the tort claim.

We conclude that digging the necessary trenches, installing the gas lines, connecting them to the buildings, and testing them was more than a simple supply and delivery of materials. Hence, Pfeifer's contention that Krauss was simply a supplier and deliverer is without merit.

Next, Pfeifer argues that Krauss was a stranger to Linkhorn Bay's business of building the condominium units since digging ditches outside those units "was not aiding in the construction of those units." In support of this argument, he notes that we last applied the "stranger to the work test" in Stone v. Door-Man Manufacturing Co., 260 Va. 406, 417-19, 537 S.E.2d 305, 310-12 (2000). In Stone, an employee of a manufacturer was injured

7

because of the negligent design and construction of an overhead door by independent construction contractors who were held strangers to the manufacturer's business. Id. In a common-law action by the injured employee, we held that these contractors were not entitled to the protection of the exclusive remedy provisions of the Act because they were strangers to the manufacturing work.

Krauss responds that it was not a stranger to the work of Linkhorn Bay, but was performing an essential part of that work. We agree with Krauss because Linkhorn Bay had been formed solely to build and develop these condominiums. Unlike the manufacturer in Stone, Linkhorn Bay had no other function, and the installation of the gas lines was part of Linkhorn Bay's construction project covered by the terms of Linkhorn Bay's oral contract with the gas company. Thus, we conclude that Krauss was not a stranger to Linkhorn Bay's business and reject this contention.

Finally, Pfeifer contends that the digging, placing, connecting, and testing of the gas lines could never "have been a part of Linkhorn Bay's business, or the business of any other owner or general contractor on a construction project," because the gas company and Krauss as its agent are "both subject to Title 56 of the Virginia Code relating to public service companies." Although the gas company is a public service

company and subject to regulation as such, Pfeifer cites, and we find, no statutory provision that regulates a subcontractor's construction of facilities like these gas lines.

Pfeifer quotes from provisions in a gas company tariff, allegedly filed in the records of the State Corporation Commission, which he says support his contention. We do not consider these provisions, because neither they nor the tariff was brought to the attention of the trial court.[5] Rule 5:25; Commonwealth v. Woodward, 249 Va. 21, 23, 452 S.E.2d 656, 656 (1995).

We conclude that Krauss was doing work that was a part of Linkhorn Bay's construction of the condominium project and, therefore, a part of Linkhorn Bay's trade, business, or occupation. Hence, Krauss was Pfeifer's statutory co-employee and the trial court correctly held he had no common-law remedy against Krauss.

Accordingly, the judgment will be

Affirmed.

---

[5] For the same reason, we do not consider Pfeifer's arguments relating to on which side of the proposed meter or meters the injury occurred.

9