# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Dorthe Crisp Gibbs,
Executor of the Estate of
Kenneth M. Gibbs,
deceased

v.

Newport News Shipbuilding
and Dry Dock Co. et al

July 8, 2010

Case No. (Civil) CL08-00805-TF

BY JUDGE TIMOTHY S. FISHER

The court has received and reviewed the supplemental memoranda requested at the hearing on June 24th in addition to plaintiff's response to the defendant's supplemental memorandum. Having also considered the original memoranda submitted on the defendant's Plea in Bar and having had the benefit of oral argument, the court is prepared to render the decision on defendant's Plea in Bar.

As it was observed at the hearing on June 24th, I am unaware of this issue being raised in the asbestos litigation in Newport News, or in Virginia for that matter. I believe our combined research indicates the question actually has not been answered directly nationwide, with the exception perhaps of the 1946 California case, *Peterson v. Twentieth Century Fox Films*, 76 Cal. App. 2d 587, 173 P.2d 851 (1946), which was certainly interesting, but not dispositive. I appreciate counsels' efforts on the briefs and the argument; however, it would appear the actual answer to this particular question is once again left up to the court.

The parties certainly are familiar with the facts in this case; so they will only be repeated to the extent necessary for the opinion. Briefly stated, plaintiff's decedent, Kenneth M. Gibbs (Gibbs) has filed a complaint against the company now known as Huntington Ingalls (shipyard)

alleging negligence on the part of the shipyard for his having contracted mesothelioma while assigned to the USS *Lewis & Clark* in the United States Navy during the construction of that submarine in 1965, and, as a result thereof, he passed away on January 25, 2009.

Initially, it should be observed that plaintiff does have a right to submit to a jury material issues of fact genuinely in dispute for the jury to determine. This court finds no material issues of fact genuinely in dispute.

Even if the court accepts the excerpts of depositions of Robert Hardick and Michael Hurchick, to which action the defendant may raise a valid objection, as submitted by plaintiff in his supplemental response, those depositions do not necessarily define the limits of Mr. Gibbs' work on the USS *Lewis & Clark*. Those depositions were taken in a different case and are not related to Mr. Gibbs. Regardless, they do not contradict Mr. Gibbs' own description of his work in his deposition. The court does not find the testimony of Mr. Hardick or Mr. Hurchick to be in conflict with that of Mr. Gibbs in describing the functions of the Navy pre-commissioning crew assigned during the construction of the submarine.

Accordingly, the question to be decided is whether the shipyard is a statutory co-employee of Mr. Gibbs such as to receive the benefit of immunity under the Virginia Workers' Compensation Act. It should first be noted that it does not appear that part of the test for determining whether one is a statutory co-employee or not turns on whether or not the injured party actually receives or actually could receive compensation under the Virginia Workers' Compensation Act.

"State law defenses, such as the immunity granted for 'statutory employers,' are available in tort actions based on state law, notwithstanding the plaintiff's receipt of compensation under the LHWCA." *Garvin v. Alumax of South Carolina, Inc.*, 787 F.2d 910, 917 (4th Cir. 1986), cited in *Hyman and Norfolk Shipbuilding & Dry Dock Corp. v. United States*, 796 F. Supp. 905, 906 (1992).

Without reciting all the cases in the memorandums, there are several cases involving the application of immunity to the United States as a "statutory employer" even though the plaintiffs in those cases did not receive and were not eligible for benefits under the Virginia Workers' Compensation Act.

The court also would note in *Hyman* on the same page that court stated, "The Federal Tort Claims Act does not create a separate cause of action; it simply waives sovereign immunity and allows the United States to be sued in the same manner as a private person under the law of the place of the tort." *Hyman, id.*

This court will admit that it seems somewhat counter-intuitive that an individual who is not eligible for benefits under the Virginia Workers' Compensation Act would be barred from suing in tort based on the exclusivity provisions of an act from which the plaintiff could receive no

benefit. However, as noted in several cases cited in the memorandums, that is exactly the situation that can occur.

It is understood that "An employee subject to the provisions of the Workers' Compensation Act cannot file an independent tort action against his employer or any fellow employee for any injuries received in the course of employment." Virginia Code § 65.2-307; *Pfiefer v. Krauss Construction Co.*, 262 Va. 262, 266, 546 S.E.2d 717 (2001), cited in *Hudson v. Jarrett*, 269 Va. 24, 29, 606 S.E.2d 827 (2005).

Without reciting the facts in *Hudson*, the court noted, "if at the time of Hudson's injury, Hudson and Jarrett were working on the same project and were also engaged in the trade, business, or occupation of VIT, Hudson and Jarrett would be statutory fellow employees and Hudson's third-party tort action against Jarrett and Hooper could not proceed. Whether a person is a statutory employer presents a mixed question of law and fact and must be decided on the facts and circumstances of each case. *See Bosley v. Shepherd*, 262 Va. 641, 648, 554 S.E.2d 77 (2001); *Hudson, id.* at 30.

The plaintiff's Amended Complaint states at paragraph 23, "As a routine and regular part of his employment, the plaintiff's decedent was on board the USS *Lewis & Clark* during the construction of the submarine at the Newport News Shipyard (hereinafter Shipyard)." The plaintiff's deposition describes his work as a member of the Navy involved in the "project" leading to the construction and delivery of the submarine the USS *Lewis & Clark* to the United States Navy.

An initial review of *McCotter v. Smithfield Packing*, 849 F. Supp. 443 (1994), appeared to suggest a very similar situation. The plaintiff in this case, however, does not appear to consider *McCotter* a case upon which they can rely, and, upon review, the court would agree that *McCotter* is not controlling here.

Even considering the deposition testimony of Mr. Hardick and Mr. Hurchick, it is clear that Mr. Gibbs was involved in the "project" of the construction and delivery of the USS *Lewis & Clark* to the United States Navy.

Ms. McCotter in the *Smithfield Packing* case was an inspector assigned to ensure the safety of the product being delivered by Smithfield Packing and was not considered to be in the trade, business, or occupation of Smithfield Packing and, therefore, was not the statutory employee of Smithfield Packing barring her tort suit.

In this instance, it is uncontested that the construction and delivery of submarines is in the trade, business, and occupation of the United States Navy. The United States Navy contracted with the Shipyard for the construction of the submarine and also assigned its own personnel on the submarine who albeit were not perhaps using Shipyard tools and working along side the Shipyard workers doing the same work but, clearly, were

involved in the same "project" of the construction and delivery of the USS *Lewis & Clark*.

The court noted at the oral argument to the parties the unpublished opinion of the United States Court of Appeals for the Fourth Circuit in *Lawrence v. United State and Superior Marine, Inc.*, in 1992, 1992 U.S. App. LEXIS 18597 (4th Cir. 1992). Briefly stated, the worker filed suit under the Federal Tort Claims Act against the United States for injuries sustained while he was painting a Navy ship as an employee of Superior Marine, Inc. He was in a bucket crane which was apparently struck by a government truck driven by a government employee. "Because of this accident, Lawrence received benefits under the Longshore Harbor Workers' Compensation Act. . . . Nonetheless, Lawrence sought additional relief against the government under the Federal Tort Claims Act." The District Court upheld the immunity of the United States under the Virginia Workers' Compensation Act and Lawrence appealed which decision of the District Court was upheld by the Fourth Circuit Court of Appeals.

The question posed by this court at oral argument to the parties in this case was that it would appear to be clear that a Shipyard worker injured by a member of the United States Navy while aboard the USS *Lewis & Clark* under construction would be barred from suing the United States under the Federal Tort Claims Act as the United States would be determined to be the Shipyard employee's statutory employer.

In what may be an overly simplistic evaluation, the court asked, if the United States was the statutory employer of a Shipyard employee, then would not a member of the United States Navy in the same "project" be considered a statutory co-employee of the Shipyard?

It would appear appropriate to answer that question in the affirmative. As the Supreme Court observed in *Evans v. Hook*, "similarly, because he is not a `stranger to the employment' an allegedly negligent employee of one contractor engaged in the same business or project of an owner as an injured employee of another contractor, is not a `party' amenable to suit under Va. Code § 65.1-41 [now § 65.2-309]." See *Smith v. Horn*, 232 Va. 302, 307, 351 S.E.2d 14 (1986), cited in *Evans v. Hook*, 239 Va. 127, 131, 387 S.E.2d 777 (1990). "Therefore, although not a statutory employer, a fellow statutory employee is still entitled to such immunity." *Evans v. Hook, id.*, at 131. Accordingly, the situation is similar to that which was decided by the Circuit Court for the City of Norfolk in *Lincecum v. Alrod Enterprises, Inc.*, 44 Va. Cir. 4 (1997), in 1997.

The plaintiff makes much of an argument that *Lincecum* was wrongly decided; however, a decision of the United States Court of Appeals for the Eleventh Circuit in *Traywick v. Juhola*, 922 F.2d 786 (11th Cir. 1991), was similarly decided in 1991.

In that case, the plaintiff was injured during the course of her employment as a civilian employee of the Department of the Army and filed suit against

her supervisor and others including the United States. The court determined that they were in the same employ and sustained the dismissal of the action.

It should be noted in *Lincecum* that the Virginia Workers' Compensation Act was determined to be the exclusive remedy of the plaintiff who received benefits under the Longshore Harbor Workers' Compensation Act and then sought damages against a janitorial service which waxed the floor upon which she slipped. The janitorial service was a contractor hired by the Federal Government. The court concluded that "The defendant, therefore, is a statutory fellow employee of the plaintiff, and the plaintiff cannot maintain a cause of action for common law negligence." It should also be noted that the plaintiff in that case argued the existence of a "material fact genuinely in dispute," which the court determined there were no material facts genuinely in dispute as is so determined here.

Paragraph 29 of the plaintiff's Amended Complaint states as follows, "During the course and scope of his employment and prior to 1980, plaintiff's decedent was exposed to defendant's asbestos and asbestos related insulation materials and other asbestos containing products which exposure directly and proximately caused the plaintiff's decedent to develop an illness known and designated as mesothelioma."

Plaintiff states in their "Further Response in Opposition to Plea in Bar" on page 8 as follows:

> The crew was also present to learn how to operate the submarine and its system, a matter completely outside the purview of the Shipyard workers building the submarine. And the Navy did not formally take delivery of the submarine until after all deficiencies were corrected, after the post-construction shakedown cruise.

This claim belies plaintiff's position that Gibbs was "accepting" portions of completed work as construction progressed. "Delivery" was not taken by the Navy until completion of the submarine after the "post-construction shakedown cruise." Operating the systems was clearly part of the "project" to construct the submarine and deliver it to the Navy.

Mr. Gibbs was assigned to the pre-commissioning crew of the *Lewis & Clark* participating in the "project" to construct and deliver the submarine to the United States Navy.

> If a particular subcontractor and an injured employee's common law or statutory employer are both working on the same project that are also engaged in the owner's or general contractor's work, that particular subcontractor, as a statutory co-employee of the injured worker, is also entitled to the common law immunity provided by the exclusivity provision.

*Evans v. Hook*, 239 Va. 127, 131, 387 S.E.2d 777 (1990), cited in *Pfiefer v. Krauss Construction Co.*, 262 Va. 262, 266-67, 546 S.E.2d 717 (2001). See also *Evans v. Newport News Shipbuilding & Dry Dock Co.*, 243 F. Supp. 1017 (1965).

Accordingly, the defendant's Plea in Bar is sustained, and the complaint against Huntington Ingalls be and hereby is dismissed with prejudice.

Given the granting of the Plea in Bar, it would appear appropriate to remove the case against Huntington Ingalls from the trial docket of this court as I believe that is the only defendant to be proceeded against at trial; so this matter will be removed from the docket of this court for trial on July 18th.