## CIRCUIT COURT OF LOUDOUN COUNTY

Jose Manuel Aguilar

    v.

Raul Antonio Diaz,
Colonial Remodeling, L.L.C.,
Del Cid Construction, Inc.,
and Michael Hughes,
a/k/a M. Hughes Consulting

February 10, 2014

Case No. CL-77242

BY JUDGE BURKE F. MCCAHILL

This matter came before the Court on January 31, 2014, for a hearing on the pleas in bar filed by Defendants Colonial Remodeling, L.L.C. (Colonial), Del Cid Construction, Inc. (Del Cid), and Michael Hughes, a/k/a M. Hughes Consulting (Hughes). This case arises out of an accident sustained by the plaintiff while working for his employer, Safenet Security, Inc. (Safenet), who was serving as a subcontractor for a construction project known as the Winery at Bull Run (the Project) in Centreville, Virginia. Each of the defendants argues that the plaintiff is barred from proceeding with this action under the Virginia Workers' Compensation Act (Act). The Court took the pleas in bar under advisement and now finds as follows.

Virginia Code § 65.2-300(A) provides, in relevant part:

> Every employer and employee, except as herein stated, shall be conclusively presumed to have accepted the provisions of this title respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment and shall be bound thereby.

Virginia Code § 65.2-307(A) provides, with emphasis added:

> The rights and remedies herein granted to an employee when his employer and he have accepted the provisions of this

title respectively to pay and accept compensation on account of injury or death by accident *shall exclude all other rights and remedies of such employee,* his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death.

Defendants argue that, under Virginia Code § 65.2-302, they are the statutory employer and co-employees of the plaintiff and that the plaintiff is therefore barred from bringing this action.

The parties have stipulated to the following facts for the purpose of deciding the pleas in bar. Colonial was the general contractor for the Project and not the owner. Colonial subcontracted with Del Cid, Hughes, and Safenet. Safenet performed work that was required by law and by the contract between the owner and Colonial. Plaintiff was an employee of Safenet and was performing work for Safenet that was part of the contract between Colonial and Safenet. The Virginia Workers' Compensation Commission had jurisdiction over the plaintiff and Safenet in approving a settlement between the plaintiff and Safenet's insurance carrier, resulting in a payment based on the settlement. The action brought by the plaintiff in this Court is a premise liability case against the general contractor, Colonial, and subcontractors, Del Cid and Hughes. The plaintiff is also suing Raul Antonio Diaz, who has not entered an appearance in this action.

In addition to stipulating to the above facts, the parties have agreed to the introduction of several exhibits for the Court to consider in ruling on the pleas in bar. Specifically, the Court has admitted exhibits A, B, D, E, F, and G to Colonial's Memorandum in Support of Plea in Bar and exhibits 3, 4, and 5 to the plaintiff's Brief in Opposition.

In deciding whether the Act bars the plaintiff's action, the Court must first ascertain the relationship between the parties in order to determine which statute applies. In this case, the parties have agreed that Colonial was a general contractor, and not the owner of the Project, and that Virginia Code § 65.2-302(B) applies. It should be noted that some of the parties asserted in their briefs that Virginia Code § 65.2-302(A) should apply; however, at the hearing, each of the parties conceded that it is Virginia Code § 65.2-302(B) that applies in this case. Applying the names of the parties to this case to Virginia Code § 65.2-302(B), it reads:

When any person (referred to in this section as "contractor") [Colonial] contracts to perform or execute any work for another person [the owner of the Project] which work or undertaking is not a part of the trade, business, or occupation of such other person [the owner of the Project] and contracts with any other person (referred to in this section as "subcontractor") [Del Cid, Hughes, and Safenet] for the execution or performance by or

> under the subcontractor [Del Cid, Hughes, and Safenet] of the whole or any part of the work undertaken by such contractor [Colonial], then the contractor [Colonial] shall be liable to pay to any worker employed in the work [the plaintiff] any compensation under this title which he would have been liable to pay if that worker [the plaintiff] had been immediately employed by him [Colonial].

Under such application, Colonial is the statutory employer of the plaintiff and Del Cid and Hughes are statutory co-employees of the plaintiff. Although the defendants may have taken positions in the workers' compensation proceeding that they were not the statutory employer or co-employees of the plaintiff, the parties agreed at the hearing that any such positions are not binding and have no preclusive effect because there was no adjudication before the Workers' Compensation Commission.

The application of the above statute, referred to as the subcontracted fraction test, is supported by case law. In *Cooke v. Skyline Swannanoa, Inc.*, the plaintiff argued that the test "formulated by Professor Larson and adopted by this Court in *Bassett Furniture and Shell Oil Co.*" applied. *Cooke*, 226 Va. 154, 158, 307 S.E.2d 246 (1983) (citing *Bassett Furniture Industries, Inc. v. McReynolds*, 216 Va. 897, 224 S.E.2d 323 (1976), and *Shell Oil Co. v. Leftwich*, 212 Va. 715, 187 S.E.2d 162 (1972)). The Court noted that "the test concerns how to determine whether the work of an independent contractor is part of the owner's trade or business" and quoted the test as follows:

> [T]he test is not one of whether the subcontractor's activity is useful, necessary, or even absolutely indispensable to the statutory employer's business, since, after all, this could be said of practically any repair, construction, or transportation service. The test (*except in cases where the work is obviously a subcontracted fraction of a main contract*) is whether this indispensable activity is, in that business, normally carried on through employees rather than independent contractors.

*Cooke*, 226 Va. at 158 (quoting 1C A. Larson, *The Law of Workmen's Compensation*, § 49.12, at 9-53 (1952)). The Court went on to find that:

> Cooke's contention is untenable. She arrives at her position by ignoring a key element of the test she quotes from *Bassett Furniture and Shell Oil Co*. In the foregoing quotation, we have italicized the pertinent language. In this case, the exception controls. Here, the restaurant work Angus Barn contracted to undertake is "obviously a subcontracted fraction" of Skyline's

> main agreement with Holiday Inn to provide a system of food, lodging, and other accommodations. Thus, in this case, there is no need to consider the second part of the test, which comes into play only where an obvious subcontract is not first found. *Shell Oil Co. v. Leftwich* and the other cases cited by Cooke are inapposite.

*Cooke*, 226 Va. at 159.

As in *Cooke*, the Court need not consider the "normal work" test because the subcontracted fraction test applies. The owner of the Project entered into a contract with Colonial for work that included the work that Colonial subcontracted to Safenet. Plaintiff was performing the work that Safenet had subcontracted for at the time of his injury. Under Virginia Code § 65.2-302(B), Colonial is therefore the statutory employer of the plaintiff. Likewise, the plaintiff is the statutory co-employee of Del Cid and Hughes. See *Pfeifer v. Krauss Constr. Co. of Va.*, 262 Va. 262, 266-67, 546 S.E.2d 717 (2001) ("If a particular subcontractor and an injured employee's common law or statutory employer are both working on the same project and are also engaged in the owner's or general contractor's work, that particular subcontractor, as a statutory co-employee of the injured worker, is also entitled to the common law immunity provided by the exclusivity provision.").

Plaintiff would like the Court to find that he was an "other party" under Virginia Code § 65.2-309(A). "To be an 'other party,' a defendant must have been a stranger to the trade, occupation, or business in which the employee was engaged when he was injured." *Clean Sweep Prof l Parking Lot Maint., Inc. v. Talley*, 267 Va. 210, 213, 591 S.E.2d 79 (2004) (quotation omitted). The Virginia Supreme Court has held that "an allegedly negligent employee of one contractor, engaged in the same business or project of an owner as an injured employee of another contractor, is not an 'other party' amenable to suit." *Id.* (quotation omitted). In this case, the plaintiff appears to be arguing that he was a stranger to the business of the defendants; however, as noted above, the plaintiff was performing work for his employer, Safenet, that was part of the work Colonial was to perform for the owner of the Project. Del Cid and Hughes were likewise performing work that was part of the work Colonial was to perform for the owner of the Project. This is clearly not a case where a party was a mere delivery person to the jobsite, as each of the parties was performing work that was within the scope of the work required of Colonial by the owner of the Project. The Court finds therefore that the plaintiff was not an "other party" under Virginia Code § 65.2-309(A).

The Court additionally finds that the other cases relied upon by the plaintiff are not applicable. In *Cinnamon v. International Business Machines Corp.*, the Virginia Supreme Court was considering whether the owner, and not the general contractor as in this case, was a statutory employer. See *Cinnamon*, 238 Va. 471, 384 S.E.2d 618 (1989). In *Pfeifer v. Krauss Constr. Co. of Va.*,

*Inc.*, the issue was whether the plaintiff's employer, a subcontractor, was a stranger to the employment and not a statutory co-employee. See *Pfeifer*, 262 Va. 262, 546 S.E.2d 717 (2001). The Court has already found that the plaintiff was not a stranger to the employment in this case.

Accordingly, the Court finds that Colonial was the statutory employer of the plaintiff and that Del Cid and Hughes were statutory co-employees of the plaintiff and that this case is barred by the Workers' Compensation Act. Each of the defendants' pleas in bar are sustained.