## CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Martin Butts, Jr.

v.

York International Corp. et al.

September 5, 2002

Case No. CL02-700

BY JUDGE DEAN W. SWORD, JR.

This matter is before the court upon separate, but identical, motions filed by two of the eight defendants in this suit. These motions raise the statutory defense of Workers' Compensation being plaintiff's exclusive remedy.

### Facts

This Motion for Judgment seeks recovery for certain alleged personal injuries incurred by the plaintiff while engaged in his occupation as a longshoreman. Plaintiff was employed by a company named Cooper/T. Smith which regularly contracts with various shipping companies to load and unload ship cargoes when their ships call at Portsmouth Marine Terminal. The defendant, Universal Maritime Service Corp. is a competitor with Cooper/T. Smith in that they also contract with shipping companies to provide the same service at Portsmouth Marine Terminal.

The defendant, Virginia International Terminals, operates Portsmouth Marine Terminal (PMT) pursuant to a contract with the Virginia Port Authority, a state controlled entity. The Virginia Port Authority (not a defendant herein) owns the premises and the cranes that are used to load and unload ships. As a part of the operation of PMT, Virginia International Terminals' employees are the exclusive operators of the cranes and another

piece of heavy equipment known as "straddle carriers." (These machines pass over a shipping container, lift it, and then move it.) The evidence presented to the court indicates that all loading and unloading involving the cranes and straddle carriers requires that this equipment be operated by PMT employees. Typically, the company engaged to load or unload a given ship signs a contract with PMT for these services.

Thus, it is fair to say that the loading or unloading of a given ship requires, at a minimum, the employees of PMT to operate the cranes and the employees of what is called a stevedoring company to provide longshoremen to bring the cargo to the cranes and see to its proper stowage on the ship or vice versa.

In this case, the record reveals that the services of the *MV Vladivostok Senator* were engaged to transport several shipping containers of goods from Baltimore, Maryland, to the Peoples Republic of China. The Bill of Lading provided that the goods be received at the port of Baltimore where they were placed upon a barge and hauled to PMT. Upon arrival at PMT, the employees of PMT and the defendant, Universal, unloaded the containers, and the one that generates this litigation was placed upon a truck type chassis and taken to a storage area of PMT to await the arrival of the Vladivostok Senator. The evidence further discloses that all of this activity was subcontracted by DSR-Senator Lines, G.m.b.H., the operator of the *Vladivostok Senator*.

When the *Vladivostok Senator* called at PMT, the services of PMT and Cooper/T. Smith were engaged by the Vladivostok Senator to load its cargo, which included the container at issue. As a part of the loading operation, the incident occurred that resulted in this lawsuit.

It is agreed by all parties that the plaintiff was injured during the course of his occupation and, to the extent applicable, his recovery rights are governed by the Virginia Workers' Compensation Act. (The Motion for Judgment raises other issues with respect to other defendants, but they are not currently before the court for decision.)

To resolve these motions, the court must determine whether the plaintiff is a "statutory employee" under the act with respect to these two defendants.

A hearing was held at which time the court received the above evidence and counsel for the plaintiff was given an opportunity to file memoranda. The time for filing such has passed without response, and the matter is ripe for decision.

*Decision*

Section 65.2-300 of the Code of Virginia makes the Workers' Compensation statutes applicable to "every employer or employee, except as herein stated. . . ." In addition, § 65.2-302 makes certain employees of subcontractors "statutory employees" of the "owner" for the purposes of the statute. Thus, when employees of various subcontractors are engaged in the "trade, business, or occupation of the owner of a project" and are injured by the negligent acts of the other subcontractor, the sole remedy is workers' compensation. *Nichols v. VVKR, Inc.*, 241 Va. 516, 519, 403 S.E.2d 698 (1991).

The legal principal is clear; however, the resolution of the motions require an analysis of the facts.

The container in question was part of a cargo shipment generated by the operator of the *Vladivostok Senator* (Senator). Senator contracted with its customer to transship the goods from Baltimore to China. The shipping process required the use of a subcontractor, Columbia Coastal Transport, L.L.C., a defendant herein, to haul the container by barge to PMT. Upon arrival at PMT, Senator further subcontracted with the defendant Universal to unload the barge with a further subcontract between Universal and PMT for the use of its cranes in the unloading process. When time came to load the Senator, they subcontracted with Cooper/T. Smith to perform that task with a further subcontract between Cooper/T. Smith and PMT for the use of its cranes.

Thus, within the legal parameters of workers' compensation, Senator became the "owner" and PMT, Cooper/T. Smith, and Universal, its subcontractors. The plaintiff herein was an employee of Cooper/T. Smith.

The final question becomes whether or not all of the parties in question were involved in the "trade, business, or occupation" of Senator.

As we have observed, the particular business in question involves the transportation by ship of the containers of cargo. Common sense tells us that the cargo must be brought to the ship and loaded aboard. While there may be more than one way to accomplish this process, the method chosen in our case involved loading onto a barge, unloading the barge at PMT, and then loading the ship at the PMT pier. The loading and unloading process is an essential part of Senator's business, and the court finds that the employees of PMT, Universal, and Cooper/T. Smith are statutory employees of Senator.

(It should be noted that the evidence in this case shows that there is no room to vary this arrangement. The maritime industry is regulated by various collective bargaining agreements between shippers and unions, which are strictly enforced. Thus a ship's crew could not load or unload cargo, this task being given by contract to the longshoreman. Indeed, the testimony noted that PMT's employees are members of the longshoreman's union.)

This being the case, the plaintiff's sole remedy for injuries received while engaged in his employment as it relates to the movants, PMT and Universal, is governed by the Virginia Workers' Compensation Act. He may not seek to recover at common law from these defendants.

The motions of Universal Marine Service Corp. and Virginia International Terminals to dismiss this action as to them are granted.