# CIRCUIT COURT OF THE CITY OF NORFOLK

David Miles

v.

Virginia International
Terminals, Inc.,
and Steven Jacobs

March 13, 2008

Case No. CL07-4376

BY JUDGE JOHN C. MORRISON, JR.

This case came before the Court for argument on February 25, 2008, on the Defendants' Plea in Bar. The Plaintiff, David Miles is suing the Defendants, Virginia International Terminals, Inc. ("VIT") and its employee Steven Jacobs for injuries sustained while the Plaintiff was operating a motor vehicle at Portsmouth Marine Terminal ("PMT"). I have reviewed the pleadings and memoranda submitted by the parties and have considered the arguments presented by counsel for both parties. The following will set forth my ruling on the Plea in Bar.

*Background*

The Virginia Port Authority ("VPA") is a political subdivision of Virginia, which "acquires, constructs, equips, and operates marine terminals; promotes shipment of cargo through its terminals; stimulates commerce for the Commonwealth; and, owns several cargo terminals . . . including the [PMT]."

(Brief in Support of Plea in Bar, p. 1.) VIT has a contract with the VPA to operate its marine terminals. The Plaintiff is an employee of Cooper T. Smith Stevedoring Company, Inc. ("CP&O"), a stevedoring company that loads and unloads cargo at various marine terminals.

Merchant Marine Co., Ltd. ("Hyundai Merchant") operates an ocean carrier line, which moves cargo through the United States and marine terminals. Hyundai Merchant owns the M/V *Hyundai Garnet*. On July 23, 2003, VIT entered into a contract with Hyundai Merchant ("Hyundai Contract") for the use of terminal space, labor, and equipment at PMT from October 15, 2003, through October 15, 2006. *See* Exhibit 7, Hyundai Contract. Under the contract, Hyundai Merchant "wanted to use VIT's services associated with vessel operations" and "the contract specifically set forth charges for stevedoring equipment and labor during vessel operations." (Brief in Support of Plea in Bar, p. 3.)

On September 30, 2004, Hyundai Merchant entered into an agreement with CP&O "to assist with the unloading of its marine vessels docking at PMT" ("CP&O Contract"). *Id.*; Exhibit 8, CP&O Contract. Under the agreement, "CP&O has to adhere to the vessel's instructions on discharging, stowing, and loading." (Brief in Support of Plea in Bar, p. 3.) CP&O also "had to coordinate all stevedore labor for vessel operations at PMT with VIT" and had "to order any necessary terminal labor and stevedoring equipment from VIT." *Id.*

Pursuant to this contract, Hyundai Merchant provided CP&O an "unloading storage plan for the loading, stowage, and unloading of particular containers in particular hatches onboard the M/V *Hyundai Garnet* for August 6, 2005." *Id.* CP&O then signed a vessel operations log with VIT "identifying the operators of VIT equipment and setting forth where these operators had to move the discharged containers." *Id.* On that night, Jacobs was assigned to move the discharged containers from M/V *Hyundai Garnet* and Plaintiff was assigned to work as a dock foreman for CP&O to supervise the discharging of the M/V *Hyundai Garnet*. *Id.* at p. 3-4. At the time of the Plaintiff's injury, both he and Jacobs were assisting with the discharging of the M/V *Hyundai Garnet* at PMT. *Id.* at p. 4. Plaintiff alleges that he was operating a motor vehicle at PMT and he "was caused to be severely injured when [Jacobs], while acting within the scope of his employment with [VIT], did negligently operate a motor vehicle in such a manner as to cause a collision with the plaintiff's vehicle." (Complaint, ¶ 1.)

*Legal Standard*

A Plea in bar "is a defensive pleading that reduces the litigation to a single issue." *Cooper Indus., Inc. v. Melendez*, 260 Va., 578, 594, 537, S.E.2d 580, 590 (2000) (quoting *Kroger Co. v. Appalachian Power Co.*, 244 Va. 560, 562, 422 S.E.2d 757, 758 (1992)). If proven, a plea in bar "creates a bar to the plaintiff's right of recovery." *Id.* (quoting *Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996)). The party asserting the plea in bar bears the burden of proof. *Id.* For the purposes of a plea in bar, "the facts stated in the plaintiff's motion for judgment are deemed to be true." *Stephen v. Dickens*, 63 Va. Cir. 403, 405-06, 2003 Va. Cir. LEXIS 348, at *7 (Norfolk 2003) (citing *Glascock v. Laserna*, 247 Va. 108, 109, 439 S.E.2d 380, 380 (1994)).

*Analysis*

Under Va. Code § 65.2-307, "An employee subject to the provisions of the Worker's Compensation Act cannot file an independent tort action against his employer or any fellow employee for injuries received in the course of employment." *Hudson v. Jarrett*, 269 Va. 24, 29, 606 S.E.2d 827, 829 (2005) (citing Va. Code Ann. § 65.2-307 (2007)). In such a case, the Virginia Workers' Compensation Act is the employee's exclusive remedy against personal injuries caused by his employer or fellow employees. Va. Code Ann. § 65.2-307(A). In *Hudson v. Jarrett*, the Supreme Court held that an employer would qualify for immunity "if the employer, acting as a general contractor, contracts with another to perform all or part of the employer's trade, business, or occupation." 269 Va. at 29, 606 S.E.2d at 830. In these cases, the employer is deemed the "statutory employer of the employees of such other subcontractor." *Id.* at 29-30, 606 S.E.2d at 830. Additionally, "employees of different subcontractors working on the same project and are also engaged in the general contractor's trade, business, or occupation are considered statutory fellow employees and are entitled protection from an independent tort action for injuries." *Id.* (citing *Pfeifer v. Krauss Constr. Co.*, 262 Va. 262, 266-67, 546 S.E.2d 717, 719 (2001)).

Defendants argue that M/V *Hyundai Garnet* and/or Hyundai Merchant was the statutory employer of any VIT and CP&O employees assisting with the discharging of the M/V *Hyundai Garnet*; therefore, Miles' claim against the Defendants is barred under the Workers' Compensation Act. (Brief in Support of Plea in Bar, p. 4.) Defendants cite the "stranger to the work test," which states, "in order to maintain a common law action the defendant had to

be a stranger to the trade, occupation, or business in which the plaintiff was involved." *Id.* at p. 5. *See generally Whalen v. Dean Steel Erection Co.*, 229 Va. 164, 167, 327 S.E.2d 102, 104 (1985); *Stone v. Door-Man Mfg. Co.*, 260 Va. 406, 418, 537 S.E.2d 305, 311 (2000); *Smith v. Horn*, 232 Va. 262, 546 S.E.2d 717 (2001); *Pfeifer*, 262 Va. 262, 546 S.E.2d 717 (2001).

Alternatively, Defendants claims that under the "governmental entity-employer test," VPA is the statutory employer of any VIT employees and any CP&O employees assisting with the unloading of the M/V *Hyundai Garnet* on August 6, 2006. (Brief in Support of Plea in Bar, p. 6.) According to the Defendants, the governmental entity-employer test "expands the 'work' part of the test to include not only all work the government is doing but also what it is supposed to do as well." *Id. See generally Anderson v. Thorington Constr. Co.*, 201 Va. 266, 110 S.E.2d 396 (1959); *Stephen v. Dickens*, 63 Va. Cir. 403, 2003 Va. Cir. LEXIS 348 (Norfolk 2003) ("[I]f the project's owner is a governmental agency or a public utility, any activity which the owner is authorized or required to do by law or otherwise is considered to be the trade, business, or occupation of the owner.") (citation omitted).

In his Reply, the Plaintiff argued that the Supreme Court's ruling in *Hudson v. Jarrett*, 269 Va. 24, 606 S.E.2d 827 (2005), resolved this issue in his favor. In that case, the plaintiff was employed by Universal Maritime Services Corporation ("Universal"), a stevedoring company. He was injured while loading and unloading cargo from a barge owned by Columbia Coastal Transport, L.L.C. ("Columbia") pursuant to a contract between Universal and Columbia. Plaintiff was injured by an employee of Cooper T. Smith Stevedoring Company ("Cooper") who was also loading and unloading cargo on another vessel, the M/V *Ingrid Olendorf* ("Olendorf") pursuant to a contract between Cooper and Olendorf. The accident occurred at the Norfolk International Terminal. The defendant argued that he and the plaintiff were statutory employees of the VIT. However, because there was no evidence of a contract between VIT and Universal requiring Universal to load or unload cargo for Columbia, the Court held that VIT could not qualify as Hudson's statutory employer. *Hudson*, 269 Va. at 33, 606 S.E.2d at 830-31.

Pursuant to this ruling, Plaintiff argues that Miles can recover against the Defendants because there was no "contractual relationship between VIT and the vessel owner for the loading and unloading of the *Hyundai Garnet* or between VIT and Miles' employer under which the employer agreed to load or unload the vessel." (Pl.'s Memorandum in Opposition, p. 2.)

In their Rejoinder to the Plaintiff, the Defendants argue the contractual requirements in *Hudson* are not at issue in this case because the parties were loading and unloading cargo "for the same vessel and/or vessel owner."

(Defs.' Reply Brief, p. 2.) Furthermore, the Defendants claim that, even if *Hudson* did apply, there were sufficient contracts between the parties to support the application of the Workers' Compensation bar. *Id.* at 2.

The Court agrees that the facts in *Hudson* are different from the facts in this case. In *Hudson*, the plaintiff and defendant were working on different vessels and under different contracts. In the case at bar, both the Plaintiff and Defendant were working on the same project pursuant to contracts between their employers and Hyundai Merchant.

The facts in this case are similar to those in *Butts v. York Int'l Corp.*, 59 Va. Cir. 422, 2002 Va. Cir. LEXIS 232 (Portsmouth 2002). In that case, the plaintiff was an employee of the stevedoring company Cooper T. Smith and the defendant was an employee of another stevedoring company, Universal Maritime Service Corp. ("Universal"). At the time of his injuries, the plaintiff and the defendant were loading and unloading cargo on the MV *Vladivostok Senator* ("Senator") pursuant to a contract between their employers and the operator of the Senator. *Butts*, 59 Va. Cir. at 423, 2002 Va. Cir. LEXIS at *3-4. The Court held that the plaintiff and defendant were engaged in the "trade, business, or occupation" of the Senator. Specifically, the Court ruled:

> the particular business in question involves the transportation by ship of the containers of cargo. Common sense tells us that the cargo must be brought to the ship and loaded aboard. While there may be more than one way to accomplish this process, the method chosen in our case involved loading onto a barge, unloading the barge at PMT, and then loading the ship at the PMT pier. The loading and unloading process is an essential part of Senator's business and the court finds that the employees of PMT, Universal, and Cooper T. Smith are statutory employees of Senator.

*Id.* at 424, 2002 Va. Cir. LEXIS at *6.

In accordance with the authority cited herein, the Court finds that the Plaintiff and Defendant were fellow statutory employees of Hyundai Merchant.[1] Hyundai Merchant had contracts with CP&O and VIT for the loading and unloading of cargo at the PMT. Specifically, Hyundai Merchant's

---

[1] Because the Court finds that Hyundai Merchant is the Plaintiff's statutory employer, the Court will not address the Defendants' alternative argument that the VPA is also the Plaintiff's statutory employer.

contract with VIT covered Hyundai Merchant's use of "VIT's services associated with vessel operations" and the contract contained "charges for stevedoring equipment and labor during vessel operations." (Brief in Support of Plea in Bar, p. 3 and Exhibit 7, § I.).[2] Under CP&O's contract with Hyundai Merchant, CP&O agreed to assist in the loading and unloading of Hyundai Merchant's vessels docked at the PMT and to "coordinate all stevedore labor" with VIT. (Brief in Support of Plea in Bar, p. 3, and Exhibit 8, Schedule "A" at § A(1).)

According to the case law, fellow employees of different contractors working on the same project and also engaged in the "trade, business, or occupation" of the statutory employer are protected under the Workers' Compensation Act from an independent tort action for injuries. *See Pfeifer*, 262 Va. at 266-67, 546 S.E.2d at 719. In this case, Hyundai Merchant, the statutory employer, operates an ocean carrier line in the business of moving cargo through various marine terminals. At the time of the Plaintiff's injury, both he and Jacobs, the Defendant, were engaged in the loading and unloading of Hyundai Merchant's vessel. This loading and unloading of cargo is a part of the "trade, business, or occupation" of Hyundai Merchant; therefore, the Plaintiff and Jacobs were fellow statutory employees. *See generally Butts*, 59 Va. Cir. at 424-25, 2002 Va. Cir. LEXIS at *6-7.

Because the Plaintiff was injured by a statutory fellow employee while engaged in the trade, business, or occupation of Hyundai Merchant, the Court finds that the Plaintiff's claim against the Defendants is barred under § 65.2-307 of the Virginia Workers' Compensation Act. Accordingly, the Defendants' Plea in Bar is sustained.

---

[2] Because this contract specifically covers the loading and unloading of Hyundai Merchant's vessels at VIT, this is more than a mere Schedule of Rates, which the Supreme Court has found to be insufficient to evidence a contractual relationship with the VIT. *See Hudson*, 269 Va. at 31, 606 S.E.2d at 829 ("[T]he Schedule of Rates is not a contract to perform the actual loading and unloading of any particular vessel.").